## EUREKA COAL COMPANY *v.* POWERS.

[No. 12,527.   Filed February 2, 1926.]

MASTER AND SERVANT.—An award of compensation for recurrent disability *held* not supported by the evidence.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Charles Powers against the Eureka Coal Company, employer. From an award for claimant on the theory of a recurrent disability, the employer appeals. *Reversed.* By the court in banc.

*Joseph W. Hutchinson,* for appellant.

ENLOE, P. J.—On July 28, 1924, the appellee, who was then an employee of appellant, received a personal injury by accident arising out of and in the course of his employment. He was furnished the necessary medical attention by his employer and on August 26, 1924, the parties entered into a compensation agreement which was thereafter duly approved by the Industrial Board. By the terms of this agreement appellant was to pay to appellee during the period of his "temporary total disability" the sum of thirteen dollars and twenty cents per week. This disability ceased in September, 1924, and the appellant paid and the appellee executed his final receipt to appellant for all compensation due

him under the said agreement. Shortly thereafter the appellee returned to his work for appellant.

On April 10, 1925, the appellee filed with the Industrial Board his application for a review of the said award, on account of alleged changed conditions, claiming that his disability on account of said injury of July 28, 1924, had recurred, and he asked that he be awarded compensation on account of such disability.

There was a hearing upon this application, first by one member, and afterwards on review by the full Industrial Board, which resulted in an award of compensation to appellee for the disability claimed. From that award this appeal is prosecuted.

It is the contention of the appellant that the testimony in this case conclusively shows, and without any conflict therein, that the disability for which appellee is now claiming compensation was not a recurrent one, the result of the injury of July 28, 1924, but that it was the result of a new accident, entirely separate and distinct from the original injury, and that therefore the disability was not a recurrent one within the meaning of the law, and that, therefore, the award in this case is contrary to law.

The appellee, on the hearing, testified as a witness in his own behalf, and his testimony was in substance as follows: That on December 17, 1924, he was loading coal in the mine of appellant; that in shifting the cars one end of a coal car got off the track and that he tried to replace it; that he went to one end of the car to lift it and replace it on the track, and, that while he was lifting it, he felt something "give loose" in his back; that it pained him all over and that as a result of the pain and injury he fainted; that it required a "good lift" to lift a car and replace it on the track after it had gotten off.

Doctor Kunker, who was called as a witness on be-

half of the appellee, testified that he was called upon to treat the appellee in December, 1924; that on December 22, 1924, the appellee gave him the history of the injury of July 28, 1924, and also told him of the injury of December 17, 1924; that appellee complained of pains in his back, especially when bending or stooping; that his diagnosis of the case was, that the appellee was suffering from a sprain of the muscles of the back; that taking the history of the former injury, as given to him by the appellee, and also the history of the injury of December 17, 1924, as given to him by the appellee, it was his opinion that the appellee "was hurt over again," and that this last hurt caused his disability to work.

Another physician also testified that he had examined the appellee; that appellee had detailed to him the history of his two injuries; that in his physical examination of the appellee he had the benefit of X-ray plates taken of the appellee; that in his opinion the appellee was suffering from the injury of December 17, 1924, complicated with rheumatism.

If the disability of the appellee for which he seeks compensation in this cause was the result of the injury which he received on December 17, 1924, then that injury would form the basis for a new application for compensation, separate and distinct, and entirely independent of the former proceeding. If the disability of appellee was recurrent, as he claimed, the burden of taking care of his claim, paying the compensation due, would be upon the insurance carrier whose policy was in force in July, 1924, at the time he was injured. If the disability for which he now seeks compensation was the result of the injury which he received on December 17, 1924, then the responsibility of caring for the compensation payable to him for the disability suffered as the result of that accident would be upon the insurance

carrier whose policy was in force at the time of that accident. The liability of the two insurance carriers, if two there were, would be separate and distinct.

We hold that the award in this case, as being for a recurrent disability, is not supported by sufficient evidence, and that it is contrary to law.

The award is set aside, and this cause is remanded to the Industrial Board for further proceedings.