**WINEMILLER et al. v. STEWART.**

No. 16923.     Opinion Filed Dec. 14, 1926.

Rehearing Denied June 21, 1927.

1. **Trial—When Actions not Subject to Consolidation.**

Actions which could not have been joined cannot be consolidated and tried by the same jury at the same time, where any of the parties object.

2. **Brokers—Actions for Commission—Motion by Defendants to Consolidate Actions not to Be Treated as Bill of Interpleader.**

An averment that "these defendants do owe a commission for the sale of said property, but they do not owe but one commission; that only one person or group of persons is entitled to a commission," contained in a motion to consolidate three actions against the same defendants, wherein the several plaintiffs seek to recover a broker's commission for the same sale, is not sufficient to entitle the motion to be treated as a bill of interpleader.

3. **Same—Proper Refusal of Instruction that Jury "Discriminate Between Effectiveness of Different Brokers," etc.**

In a suit to recover a broker's commission, where it was made to appear by defendant's evidence that other brokers attempted to sell the property, it is not error for the court to refuse to instruct the jury to "discriminate between the effectiveness of the different brokers and see which one of the various brokers was the proxi-

mate, controlling procuring, and efficient cause of the sale."

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No.'1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by F. C. Stewart against J. H. Winemil'er, P. R. Williams, Kansoma Oil & Gas Company, Robert S. Matthews, and J. F. Overfield. Judgment for plaintiff, and defendants J. H. Winemiller, P. R. Williams, and Kansoma Oil & Gas Company appeal. Affirmed.

Grinstead, Scott, Hamilton & Gross, Fred D. Oiler. Rainey, Flynn, Green & Anderson, and Calvin Jones, for plaintiffs in error.

West, Gibson, Sherman, Davidson & Hull, for defendant in error.

Opinion by RAY, C. This appeal is from a judgment for a broker's commission for the sale of certain oil and gas leases. Only two grounds relied on for reversal are argued in the briefs. The first is that the court erred in denying the motion to consolidate this case with two other cases then pending, in which each of the plaintiffs was seeking to recover a commission for the same sale upon the ground that he was the procuring cause of the sale.

Section 324, C. S. 1921, provides:

"Whenever two or more actions are pending in the same court, which might have been joined, the defendant may, on motion and notice to the adverse party, require him to show cause why the same shall not be consolidated, and if no cause be shown, the said several actions shall be consolidated."

It is apparent that the case does not come within the statute. Each of the plaintiffs claiming the entire commission of the sale, the actions could not have been joined.

In Ortman v. Union Pac. Ry. Co., 4 Pac. 858, the Supreme Court of Kansas, in considering the same statute, held, and we think correctly, that:

"Where cases cannot be consolidated under the provisions of the statute, the court has no authority as a matter of convenience, and economy, to require several cases upon the same general subject to be considered and determined by the same jury at the same time, if the parties thereto object."

It is not argued, however, that the cases should have been consolidated, but the contention is thus stated in the brief:

"The motion to consolidate filed by the defendants contained the substantial provisions of a bill of interpleader and at least was in the nature of such bill, and therefore should have been sustained and the different claimants to this commission required to interplead so that it could be determined who was lawfully entitled to such commission. Especially is this true when the said motion to consolidate is considered in connection with the petition of plaintiff and the amendment thereto."

The motion reads:

"Comes now the defendant P. R. Williams, and shows to the court that this suit and the suit of H. H. Medlin et al. v. P. R. Williams et al., No. 25370 in this court, and the suit of Robert S. Matthews v. J. H. Winemiller et al., being No. 25371 in this court, are suits instituted against this defendant and his codefendants J. H. Winemiller and Kansoma Oil & Gas Company, in one of which suits also L. W. Baxter is made a defendant; that all of said suits are by parties claiming a commission as broker or agent for the sale of a certain oil and gas mining lease formerly owned by this defendant and his codefendants; that these defendants do owe a commission for the sale of said property, but that they do not owe but one commission; that only one person or group of persons is entitled to said commission.

"Defendant further shows to the court that Dessa L. Hanna, who is named as a defendant in this case, has filed a suit against this defendant and his codefendants J. H. Winemiller, Kansoma Oil Company, and other defendants, in the district court of Osage county, Okla., alleging in her petition that she is entitled to the commission for the services for which the plaintiffs in the different suits in this court are claiming. The said suit in the district court of Osage county, Okla., being cause No. 8338 in said court.

"The defendant further shows to the court that, in order that this entire matter may be litigated and the rights of all parties determined, it is proper that said causes Nos. 25370 and 25371 and 25407, in this court, be consolidated by order of this court, and that all other and further proceedings be conducted in the one cause.

"Wherefore, premises considered, defendant asks the court to make an order consolidating all of said actions in one cause, and directing the parties to file all further proceedings and to take and conduct all further proceedings in the said consolidated cause of action."

We think the motion does not contain the necessary averments of a bill of interpleader or for a proceeding in the nature of interpleader. The only distinction between the two is that in the latter the plaintiff may claim an interest, while in the former he cannot. Guaranteed State Bank of Durant v. D'Yarmett et al., 67 Okla. 164, 169 Pac. 639.

In pursuing the remedy of interpleader, the bill of complaint must allege positively that the plaintiff claims no interest in the subject-matter; that he is indifferent to the claims, and is ready and willing to deliver the thing or fund, or pay the debt, or render the duty to, the rightful claimant, but that he is ignorant or in doubt which is the rightful one, and is in real danger or hazard by means of such doubt from their conflicting demands; and must also bring or pay or offer to bring or pay the entire thing, fund, or money in controversy into court. Pomeroy's Equity Jurisprudence (3rd Ed.) vol 4, sec. 1328. It is apparent that the motion contains no such allegations or tender.

It will be observed that the motion to consolidate, which the defendants ask to be construed as a bill of interpleader, or in the nature of a bill of interpleader, was made by one of the defendants only and not joined in by the other two defendants. The allegation "that these defendants do owe a commission for the sale of said property, but that they do not owe but one commission," cannot be construed as an allegation or admission of the defendant Williams that they owe the full commission claimed by the several plaintiffs. The admission there made, that the defendants do owe a commission, could not be held to be binding upon the other two defendants who appeared by separate attorneys and filed separate answers. As to whether one of three defendants jointly and separately liable could avail himself of the remedy of interpleader it is not necessary to decide, but it is clear that in such case it would be necessary for the one to bring into court or offer to bring into court the full amount claimed. The several claimants could not be required to interplead and try out the issues joined among themselves until it was definitely settled that the judgment for the prevailing party would be satisfied. It has always been held that one seeking the remedy of interpleader is acting in the capacity of an impartial stakeholder, and, as such, required to bring into court, or offered to bring into court, the full amount claimed, so that all that is required of the respective claimants is that they shall try out the issues joined between them, and, when the issues are thus determined, the litigation is at an end. Construing the language most strongly in favor of the defendants, "that these defendants do owe a commission for the sa'e of said property," it cannot be held to mean that they owe the full amount of the commission claimed by the different plaintiffs, or, if so, that it would be forthcoming to satisfy any judgment recovered by the prevailing claimant.

But if it be assumed that the defendant Williams, by the quoted language, admitted liability for the full amount of the commission claimed by the several claimants, and that the same would be forthcoming to satisfy any judgment recovered, still, it was not binding upon the other defendants who had by their answer denied liability. The money not being paid into court by the defendant Williams, the prevailing claimant would be required to look beyond the court for the satisfaction of his judgment, and, in case of the insolvency of the defendant Williams, would be required to pursue the other defendants, who had made no such admission, for the satisfaction of the judgment, a thing not contemplated by the remedy of interpleader. The motion did not contain the essential averments of a bill of interpleader, or of a bill in the nature of a bill of interpleader, and it was properly overruled.

The defendants' second proposition is:

"As to the instructions it will be noted that the defendants by their requested instructions pointed out to the court that, in cases where there are several brokers attempting to sell the property, that then the court must instruct the jury that it is for the jury not only to find that the plaintiff was the procuring and controlling cause of the sale, but the court must go further under those circumstances and instruct the jury that it is for the jury to discriminate between the effectiveness of the different brokers and see which one of the various brokers was the proximate, controlling, procuring, and effective cause of the sale. This phase of the case was not specifically covered by the general instructions given by the court, and it must be prejudicial error to the defendants as failing to instruct upon that theory of the case."

The cases cited do not support the contention. Whitcomb v. Bacon, 107 Mass. 479, 49 N. E. 742, is cited as the leading case on the subject. The material part of that opinion relied on is quoted in plaintiffs in error's brief as follows:

"The instructions of the learned judge to the jury laid special stress on the inquiry whether the sale would have been made but for the efforts of the plaintiffs. He said: 'The real question is here whether you are satisfied that this sale to Wentworth would not have been made, but for the efforts which the plaintiffs had made to induce him to buy it. That is the real question.' And afterwards: 'The real question is, and it is the crucial question, in my judgment,

whether the sale would have taken place without the efforts made by the plaintiffs. If it would, then the plaintiffs have not made the sale, and they cannot recover the commission unless they have. If, however, you are satisfied this sale as made would not have taken place unless the plaintiffs had done what they did, and that what they had done was, at the time of the sale, an operating cause, not the sole cause, but one of the controlling causes, of the sale (and the burden is upon the plaintiffs to satisfy you of that), then the plaintiffs can recover.' This rule, as it seems to us, would allow two brokers to recover commissions upon the same sale. There might be another broker whose services were equally meritorious and essential in producing the result. But in such a case it is not enough to show that one of several causes stood in such a relation to the result that without it the result would not have happened, and that it was one cause, amongst others, which assisted or contributed in producing it. It becomes necessary to make a discrimination between the causes, and to ascertain which is the particular cause which can be called the efficient or effective one."

There is no suggestion in that case that it is for the jury to discriminate between the effectiveness of the different brokers, and to say which one of the various brokers was the proximate, controlling, procuring and effective cause of the sale. The holding was that:

"It becomes necessary to make a discrimination between the causes, and ascertain which is the particular cause which can be called the efficient or effective one."

The court in that case had instructed the jury that, if they were satisfied the sale as made would not have taken place unless the plaintiff had done what he did, and that what he did was at the time of the sale an operating cause, not the sole cause, but one of the controlling causes, of the sale, then the plaintiff was entitled to recover. No such instructions were given in this case. The jury were instructed in this case that to enable the plaintiff to recover it was necessary for him to prove that he was the efficient cause of the sale. It is not contended that any particular instruction was incorrect or misleading.

No other ground being urged in the brief or oral argument for reversal, we think the judgment should be, and is, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. p. 1127, §322; 38 Cyc. p. 1269. (2) 33 C. J. p. 453, §37. (3) 9 C. J. p. 663, §130.