JAMES F. CUNLIFFE, BY JAMES CUNLIFFE, HIS NEXT FRIEND, PETITIONER-RESPONDENT, v. DESLAURIERS COLUMN MOULD COMPANY, RESPONDENT-PROSECUTOR.

Submitted May 13, 1927—Decided November 11, 1927.

Workmen's Compensation—Injury Resulting in Blindness—Employe Receiving an Injury in 1923 and Again in 1924—Commissioner Allowed an Amendment to Petition, Since Physicians Could Not Say Which Accident was the Direct Cause of the Blindness—Employer Had a Different Insurance Carrier in 1924 From the One in 1923 and That the Carrier of

the Former Year was Accordingly Precluded From Defending —Held, That Employe Need Look Only to the Employer, His Case Should Not be Prejudiced by a Change in Carriers— In This Case There is a Specific Time, but in the Alternative, it is One of Two Dates—The Statute is Remedial and Must be Liberally Construed.

On writ of *certiorari*.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Edwards & Smith*.

For the respondent, *Erwin & Erwin*.

PER CURIAM..

This case is before us on a writ of *certiorari* directed to the Court of Common Pleas in and for the county of Hudson. The writ .brings up the record of proceedings instituted by James Frederick Cunliffe against Deslauriers Column Mould Company, a corporation, to recover compensation under the Employers' Liability act. Cunliffe was an employe of the company. He was operating a grinding machine. In grinding a piece of steel a particle of the steel passed into his eye. It became necessary to remove the eye. The workmen's compensation bureau granted Cunliffe compensation, medical expenses and a counsel fee. The company appealed the award to the Court of Common Pleas of Hudson county. The award was affirmed. The case is now before us under the writ of *certiorari*.

There is no question but what the accident arose out of and in the course of the employment. The only contention of the prosecutor is that the commissioner of the compensation bureau erred in permitting the petition of Cunliffe to be amended during the hearing. In the original petition it was stated that the accident occurred on February 29th, 1924. The determination of the workmen's compensation bureau fixed this as the date of the accident. It appeared, however, that there was a prior accident of the same nature on July

2d, 1923. The commissioner allowed an amendment of the petition so as to make it read that the accident took place either on July 2d, 1923, or in the alternative on February 29th, 1924. It is the propriety of this amendment that is the sole point in controversy. Notice of the injury of July 2d, 1923, was given to the company. The reason for the amendment was that the doctors produced could not say as to which piece of steel was the cause of the eye's destruction, the one entering the eye on July 2d, 1923, or the one entering the eye on February 29th, 1924.

The argument of the prosecutor is that if the accident occurred on July 2d, 1923, the prosecutor would have to be reimbursed by the Maryland Insurance Company. If the accident took place on February 29th, 1924, then the Independent Indemnity Company would have to reimburse the prosecutor for the amount of the judgment under an insurance policy held in that company by the prosecutor. The argument of the prosecutor is that the defense was undertaken by its insurer on February 29th, 1924, and that a change of the date of the accident did not permit the other insurer (Maryland Insurance Company) to appear and cross-examine the witnesses produced at the hearing.

It seems to us that the answer to this proposition is that the employe has only to look to the employer for compensation. His case ought not be prejudiced by a change of insurance companies. The present case is not like that of *Smith* v. *International High Speed Steel Co.*, 98 *N. J. L.* 574, or *Liondale Bleach Works* v. *Riker*, 85 *N. J. L.* 427, relied on by the prosecutor. In those cases no specific time could be alleged or fixed as to when the accident occurred. In the present case a specific time is fixed but the specific time is in the alternative. It is one of two dates.

The statute is remedial. It is liberally construed. The power of amendment is one that is frequently exercised by a court. It seems to us the allowance of the amendment was discretionary. It could not be said that under the circumstances presented where there was a conflict of medical testimony as to which accident had caused the loss of the eye that

there had been an abuse of discretion by the commissioner in allowing the amendment. Not to have allowed it might result in the defeat of a meritorious claim.

The judgment of the Court of Common Pleas of the county of Hudson is affirmed, with costs.