## C. E. REYNOLDS DRILLING CO. et al. v. PHILLIPS et al.

No. 23522. Opinion Filed April 18, 1933.

Motion to Modify Opinion Denied May 9, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Carmon C. Harris, for respondents.

RILEY, C. J. This is an original proceeding to review an award of the State Industrial Commission.

All the questions of law involved in this case, except one, were involved in the case of Denver Producing & Refining Company et al. v. C. S. Phillips et al., No. 23479, 163 Okla. 106, 21 P. (2d) 42, this day decided.

The evidence in this case is substantially the same as the evidence in the companion case, except that the testimony of the expert witnesses offered by the petitioners herein tends strongly to attribute the disability of claimant to the first rather than the second accidental injury. In all other respects the evidence is substantially the same. The holding in the Denver Producing and Refining Company Case, supra, is followed herein.

The other question involved is the contention that the State Industrial Commission had no jurisdiction in the case for the reason that the parties on October 17, 1930, entered into a final and complete settlement within the meaning of section 7325, C. O. S. 1921.

The contention is not well taken. The agreement upon which the alleged final settlement was had was not a joint petition as contemplated and provided for in section 7325, supra. It is upon form 14, prescribed by the Commission, and is an agreement contemplated by section 7294, C. O S. 1921, as amended by section 7, ch. 61, S. L. 1923 [O. S. 1931. Sec. 13360]. It specifically provides:

"It is a condition, however, of this agreement that in the event a change in condition occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by Section 7296, C. O. S. 1921."

It is apparent that this is not a petition for a final settlement and final award, which if made and approved by the Commission would deprive the Commission of further jurisdiction over any claim for the same injury or any results arising from the same. The agreement itself refutes the claim of petitioners in that it specifically provides for reopening the case in the event a change of condition occurs or arises, and that in such event the same shall not be final.

The State Industrial Commission was without power or jurisdiction to make a final order contemplated by section 7325, supra, upon the agreement thus made.

The petition is denied and the award is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J. absent.