## DENVER PRODUCING & REFINING CO. et al. v. PHILLIPS et al.

No. 23479. Opinion Filed April 18, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Carmon C. Harris, for respondents.

RILEY, C. J. This is an original proceeding to review an order and award of the State Industrial Commission and may be

properly considered in connection with cause No. 23522, C. E. Reynolds Drilling Company et al. v. C. S. Phillips et al.

Respondent Phillips received an accidental personal injury on July 17, 1930, while employed by petitioner Denver Producing & Refining Company. That the accidental injury comes within and is covered by the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282 et seq., as amended) is not disputed.

The injury was caused by a piece of pipe falling from near the top of an oil well derrick, striking Phillips upon the back while he was at work on the floor of the derrick.

Attending physician's first report was filed July 23, 1930, showing nature and extent of the injury to be "contused wound in the right thoric vertebral angle, about one inch in width and about 3 1-2 inches in length." The report was signed by S. F. Wildman, attending physician. Claimant was taken to the hospital where he was treated for some three weeks. Report of initial payment of compensation was filed August 13th, showing weekly wage to be $42 and rate of compensation $18 per week. Claim for compensation was filed August 20, 1930. On the same day claimant filed a motion for hearing, alleging permanent partial disability, and that compensation and medical treatment had been discontinued. Hearing was set for September 15, 1930, but before that date claimant returned to work, not for his former employer, but for the C. E. Reynolds Drilling Company, engaging in the same class of work.

On August 24, 1930, while working for the latter company, claimant received another accidential injury caused by a cable striking him across the back. He was taken to the same hospital and was treated by the same physician. Attending physician's report on this accident was filed August 27th, showing nature and extent of injury to be "contused wound in region of left kidney, two inches in length and 1½ inch in width."

Claim for compensation for the latter injury was filed September 10, 1930, and report of initial payment of compensation therefor was filed September 3, 1930, showing the same rate of wage and the same rate of weekly payment. On September 23, 1930, motion for hearing to determine extent of disability was filed, in which it was alleged that this injury resulted in permanent partial disability. On August 21, 1930, petitioner herein and claimant filed a stipulation and receipt on form No 7. showing the period of disability on account of the accident of July 17th, to have been three weeks

and four days, and total compensation paid was $66. No action seems to have been taken by the Commission on this stipulation and agreement. But, on November 6, 1930, what purported to be another agreement between the parties was filed, but was signed, however, only by the claimant, Phillips. Therein it was stipulated that claimant had been pail $66 compensation, and that the claimant had returned to work for the other company, and was again injured by being struck with a pair of tongs on his left side and was disabled thereby, and that claimant had effected a settlement with the other company and its insurance carrier for the payment of eleven weeks' compensation. It was further stipulated that there was a dispute between claimant and the Denver Producing & Refining Company and its insurance carrier as to whether the disability that claimant was then suffering from was the result of a second accident or the accident while in the employ of the Denver Producing & Refining Company, and that company and its insurance carrier denied that claimant was then suffering any disability as a result of the accident of July 17, 1930. It was then stipulated that the employer and insurance carrier had offered to pay claimant in a lump sum 11 weeks' compensation in addition to that theretofore paid, 'in full and final settlement of any disability the claimant now has as a result of said accident of July 17, 1930, and the claimant has agreed to accept the same."

It was further stipulated:

"It is further agreed by and between the parties hereto that this settlement is made under and in accordance with all of the provisions of Form 14, and section 7296, C. O. S. 1921."

It was then stipulated that in consideration of the sum of $198, in a lump sum, in addition to the compensation theretofore paid, "claimant releases and discharges the respondent and insurance carrier from any and all claims the claimant may have for any disability now existing on account of said accident of July 17, 1930."

This agreement was presented to and considered by the Commission on November 6, 1930, and approved, and an award made accordingly in the total sum of $264. The order approving the agreement is as follows:

"It is further ordered: That the agreement entered into and between the parties herein be and the same is hereby approved; said cause to be subject to the continuing jurisdiction of the Commission on change of condition."

Stipulation and receipt showing the payment thereof was filed November 20, 1930.

Thereafter. on July 15, 1931, there was filed with the Commission what purported to be a report of attending physician, showing that claimant "now suffers a high degree of disability, probably 50 per cent. to the entire body, however, that the exact extent of such disability may be impossible to determine at this time, that is, the permanent effects. But that the present disability is of enough proportion to warrant immediate medical treatment. I am of the opinion that he has undergone a great change of condition since September, 1930, at which time he made a settlement with the respondent."

The Commission apparently treated this as a motion of claimant to reopen, or, of its own motion, order the hearing which was had resulting in findings of fact, showing all the proceedings had down to November 6, 1930, and found:

"4. That the claimant filed his motion by reopen this cause on a change of condition, with the Commission under date of July 15, 1931.

"5. That since November 6, 1930, the claimant has suffered a change of condition for the worse, and is now wholly incapacitated for manual labor and has been since July 15, 1931.

"6. That subsequent to the injury of July 17, 1930, while in the employ of the Denver Producing & Refining Company; engaged in the hazardous occupation within and covered by the provisions of the Workmen's Compensation Law and arising out of and in the course of said employment, claimant sustained an accidental injury to his back on August 24, 1930, which caused an aggravation of the former injury of July 17, 1930; and that claimant's present temporary total disability to do manual labor is the result of both injuries, in that 50 per cent. of his present disability is due to his accident of July 17, 1930. and the other 50 per cent. is due to the accidental injury of August 24, 1930.

"The Commission is of the opinion; On consideration of the foregoing facts. that claimant is entitled to temporary total compensation from May 27, 1931, the date of filing of first motion to reopen, to the 10th day of March, 1932, being 41 weeks at the rate of $12 per week, amounting to $738.

"The Commission is of the further opinion: By reason of the forgoing facts. that the respondent. Denver Producing & Refining Company. or its insurance carrier, the Aetna Life Insurance Company, should pay the claimant the sum of $369. and the respondent C. E. Reynolds Drilling Company, or its insurance carrier, the Travelers Insurance Company. shall pay the claimant $369. each being held equally liable in the disabilities resulting from the two back

injuries, and each to continue to pay the claimant the sum of $9 per week until otherwise advised by the Commission."

An award of $369 and compensation at $9 per week, until otherwise ordered by the Commission, was made, to review which this proceeding is brought.

It is first contended that the award is contrary to the law, and it is asserted that there is no law making two employers equally liable for disability of a workman arising from two accidental injuries received under separate employment and in no way connected the one with the other, and that petitioners herein are liable only for the whole of such disability, if any, which may have resulted from the injury of July 17, 1930.

As a matter of law, petitioners herein should be held liable only for such part of the disability of claimant as is attributable to the accidental injury received while in the employ of the petitioner Denver Producing & Refining Company. If claimant had fully recovered from the first injury before he entered the employ of the C. E. Reynolds Drilling Company, and was subsequently injured while in the employ of the latter company, that company and the insurance carrier should be held liable for the disability caused thereby. But, in the instant case. it must be borne in mind that claimant was supposed to have recovered from both injuries when the so-called settlement of November 6, 1930, was made.

Claimant is not entitled to further compensation from either employer, except upon a showing of a change of condition. When a change of condition is shown, then it becomes pertinent to inquire whether the disability then existing was attributable to the one or the other accidental injury, or both, or neither. If attributable to neither accidental injury. then claimant is not entitled to further compensation regardless of the extent of disability.

If the disability is found to exist by reason of the change of condition. and it is found to be attributable wholly to the first accidental injury, then petitioners herein are liable for all the further compensation that should be awarded. If such disability be found to be attributable to the second accidental injury, petitioners herein are not liable for further compensation. But if such disability be found to be attributable in part to the first and in part to the second accidental injury, certainly it could not be said that the employee would not be entitled to any compensation simply because the entire disability could not be traced to one or the other of the two accidental injuries: In such

case we hold that it is within the power of the State Industrial Commission, and it is its duty, to award compensation for the disability as found from the evidence to exist, and apportion the award against the two employers in such proportion as the evidence may show the disability attributable to each of the two accidental injuries bears to the whole disability.

The question of the amount of disability attributable to each of the accidental injuries is a whole question of fact for the Commission to determine from the evidence the same as any other pertinent question of fact.

It is next contended that there is no competent evidence reasonably tending to support the order of the Commission.

In support of this contention petitioners apparently rely upon the testimony of two or three expert witnesses, and point out that part of the evidence most favorable to them.

In this connection it may be said that it would have been entirely proper for the Commission to have consolidated the two cases as it is difficult to consider the record herein without reference to the record in the case of C. E. Reynolds Drilling Company et al. v. Phillips et al., supra.

The testimony of Dr. Shaw in the present case is sufficient when taken into consideration with the testimony of the other witnesses to sustain the findings and award of the Commission.

The expert testimony of the witnesses offered by petitioners in this case, except Dr. Wildman, tends strongly to attribute the disability entirely to the second accidental injury. That of Dr. Wildman, who appears to be equally fair to both employers, attributes the disability to neither accidental injury. But, considering the evidence as a whole, there is ample evidence reasonably tending to support the findings and award of the Commission.

It is next contended that there is no competent evidence whatever to support the claim of change of condition.

The contention is without merit. The testimony of Dr. Grant and that of claimant himself sustain the finding as to change of condition.

The petition is denied, and the award is hereby affirmed.

CULLISON, V. C. J. and SWINDALL, ANDREWS, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. OSBORN, J., absent.