## NEW YORK INDEMNITY CO. et al. v. MILLER et al.

## RAMSEY PETROLEUM CORP. et al. v. SAME.

Nos. 24068, 24079. Opinion Filed May 9, 1933.

John F. Butler, for petitioners New York Indemnity Company and Ramsey Petroleum Corporation.

Jas. C. Cheek and Frank E. Lee, for petitioner Fidelity & Casualty Company.

G. G. McBride, A. L. Jeffrey, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is a consolidation of two original proceedings in this court whereby an award of the State Industrial Commission in favor of the claimant before the State Industrial Commission is sought to be reviewed. The award was for temporary total disability for 44 weeks at the rate of $18 per week. By the terms thereof the Fidelity & Casualty Company was required to pay compensation for 24 weeks and the New York Indemnity Company was required to pay compensation for 20 weeks. It was based on a finding that each of the insurance carriers was liable for a part of the disability.

That a disability may be caused by each of two accidental personal injuries was held by this court in C. E. Reynolds Drilling Co. v. Phillips, 163 Okla. 170, 22 P. (2d) 111, and Denver Producing & Refining Co. v. Phillips, 163 Okla. 106, 21 P. (2d) 42. The record in those cases shows that a claimant before the State Industrial Commission had sustained an accidental personal injury for which he had been awarded and paid compensation; that thereafter he sustained another independent accidental personal injury, for which he had been awarded and paid compensation; that he had suffered a change of condition, and that that change of condition was caused by each of the two independent accidental personal injuries. This court held therein that whether or not the disability was caused by each of the two independent accidental personal injuries was a question of fact to be determined by the State Industrial Commission from the

evidence. An award against each of the two insurance carriers was sustained by this court.

The record in this case shows that the claimant received an accidental personal injury on the 2nd day of February, 1931, while in the employment of the Ramsey Petroleum Corporation while the New York Indemnity Company was its insurance carrier. He was awarded compensation therefor for temporary total disability and the compensation awarded was paid. He returned to work for the Ramsey Petroleum Corporation about March 6, 1931, and continued to work for it until about November 27, 1931, at which time he was again injured. At that time the Fidelity & Casualty Company of New York was the insurance carrier for the Ramsey Petroleum Corporation. The record shows that, by the second injury, in the language of one of the physicians, one of the ribs of the claimant was "jerked loose again." Thereafter a new claim was filed by the claimant. The two claims were consolidated before the Commission, and, after a series of hearings, the award complained of was made. The New York Indemnity Company filed a proceeding in this court to have the award reviewed, and the Fidelity & Casualty Company filed a proceeding in this court to have the award reviewed. Those proceedings were consolidated in this court.

While the Ramsey Petroleum Corporation is made a party petitioner herein, it is only a formal party petitioner, and it makes no contention that it is not liable for compensation for the determined temporary total disability of the claimant. It contends, however, that the award of $18 per week is erroneous as to the amount thereof. It contends that the award should have been at the rate of not to exceed $17.31 per week. It is right in that contention, for that was the amount determined when the first award for temporary total disability was made, and that is the maximum amount that could have been awarded under the evidence shown by the record in this case. The record shows that the claimant worked for a wage of $4.50 per day when he worked. While he testified that he worked at the rate of $135 per month, he did not testify that he worked by the month, and the record shows that he did not work by the month.

The award for temporary total disability is correct as to the Ramsey Petroleum Corporation, except as to the rate of compensation. The State Industrial Commission is directed to vacate that award and to make a new award against the Ramsey Petroleum Corporation based on a weekly rate of compensation of $17.31. See Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155.

The New York Indemnity Company contends that there is no competent evidence to support the finding of the Commission that the claimant suffered any disability after March 6, 1931, as a result of the accidental injury sustained on February 2, 1931; that there was no change in the claimant's condition which was caused by the injury sustained on February 2, 1931; and that the Commission erred in requiring it to pay the claimant any part of the compensation awarded.

The Fidelity & Casualty Company denies each of the contentions of the New York Indemnity Company, and contends that the Commission erred in requiring it to pay any portion of the award made to the claimant.

An examination of the record in this case discloses that the State Industrial Commission was in error in requiring each of the insurance carriers to pay part of the award made to the claimant. The record justifies no such order. While it may be difficult to determine whether the existing disability was caused by what occurred on February 2, 1931, or by what occurred on November 27, 1931, that difficulty did not authorize the State Industrial Commission to make an award without a determination of the cause of the disability. Its determination that the disability was caused by what occurred on each of those dates finds no support in the record. The record shows that that disability was the result of either a recurrence of the injury sustained from the accident which occurred on February 2, 1931, or that it was caused by an independent intervening accident on November 27, 1931. It was not caused by both.

In Phillips v. Holmes Express Co., 179 N. Y. Supp. 400, the record showed that an employee had his arm fractured, and that about four months later the fracture parted when he attempted to crank an automobile. It was held that the parting of the fracture was but a result of the first accident, and that the insurance carrier carrying insurance at the time of the first accident was liable therefor. That court said:

"While it may be that part of the disability results from what occurred September 7th, the evidence is nevertheless clearly persuasive, if not conclusive, that nothing would have occurred on September 7th, if

it had not been for the accident on May 13th. The Commission finds that on September 7th, while attempting to crank an automobile, as the claimant 'took hold of the crank handle, the fracture which he had sustained on May 13, 1198, again parted.' The evidence justifies no other finding. There was no accident on September 7th, except as the condition caused by the accident in May was made worse. Clearly, if the claimant had not broken his arm in May, he would have sustained no injury in September. That is entirely clear from the record."

In Continental Casualty Co. v. Industrial Commission (Utah) 221 P. 852, the Supreme Court of Utah said:

"The question now is, Was the occurrence of December 4, 1922, an accident, or was it merely a recurrence of the injury of July 1922? Had there been no former injury, the answer could not be otherwise than that Sabey suffered an injury by accident on December 4, 1922; but the later injury must be viewed in the light of the undisputed evidence."

It held that under the evidence the second injury was but a recurrence of the injury previously received, and that:

"A finding that an accident was the cause of an employee's injury, entitling him to compensation, is not sustained, where the only testimony on that issue was that of two physicians to the effect that the injury was a recurrence of an injury previously received, which recurrence might occur by a mere movement of the arm."

That holding was based on its holding that:

"* * * Where there are two accidents, the question whether disability should be attributed to the first or second accident depends on the circumstances of the particular case"

—following 1 Honnold, section 135, p. 516. The same court, in Aetna Life Ins. Co. v. Industrial Commission (Utah) 231 P. 442, said that:

"The rule that the consequences of injury and disability must be attributed to the proximate cause is of universal application. Very often it is difficult to decide what is the proximate cause."

It held in that case that the second accident was the proximate cause.

The Supreme Court of California, in Head Drilling Co. v. Industrial Accident Commission (Cal.) 170 P. 157, said:

"It is earnestly argued that there is no support in the evidence for this finding in so far as it establishes that the separation of the broken portions of the fibula was not due to any independent intervening cause, but was in fact a proximate and natural result of the original injury. Of course, the basis for this contention is the claim that the evidence establishes without conflict that the incident of April 15th caused the displacement. There certainly is strong support for this theory in the record, and it may be that the claim is well based, but, if this be so, we do not think it disposes of the case. We are of the opinion that a subsequent incident or accident aggravating the original injury may be of such a nature and occur under such circumstances as to make such aggravation the proximate and natural result of the original injury. Whether the subsequent incident or accident is such, or should be regarded as an independent intervening cause, is a question of fact for the Commission, to be decided in view of all the circumstances, and its conclusion must be sustained by the courts whenever there is any reasonable theory evidenced by the record on which the conclusion can be upheld."

One of the courts of appeal of that state, in United States Fidelity & Guaranty Co. v. Industrial Accident Commission (Cal.) 272 P. 589, said:

"We are not unaware of the rule announced in Head Drilling Co. v. Industrial Accident Commission, 177 Cal. 194, 170 P. 157, that 'Whether the subsequent incident or accident is such, or should be regarded as an independent, intervening cause, is a question of fact for the Commission, to be decided in view of all the circumstances, and its conclusion must be sustained by the courts whenever there is any reasonable theory evidenced by the record on which the conclusion can be upheld,' but we are of the opinion that there is no reasonable theory evidenced by the record in this case upon which it may be sustained. With the single exception of this unsatisfactory expression of opinion, the entire testimony establishes the fact that the incident of May 24, 1927, was a recurrence of the injury of June 9, 1926, and that the disability was the natural and proximate result of that injury, bringing it within the case of Head Drilling Co. v. Industrial Accident Commission, supra, under which the award should have been against the original insurance carrier."

Another of those courts, in Associated Industries Ins. Corp. v. Industrial Acc. Commission (Cal.) 259 P. 110, said:

"The issue presented to the Commission for its decision was whether the employee's disability subsequent to April 17, 1926, was caused by an injury happening upon that date, or was a new and further disability caused by the original injury of December 3, 1923. The Commission found that the applicant 'on December 3, 1923, sustained

injury occurring in the course of his employment arising out of his employment. * * *' The second finding of fact is 'on April 17, 1926, said injury caused new and further disability.' These findings are fully supported by the evidence. The employee testified, in substance, that his back was never strong after the original injury he suffered, and that he had never felt the same as he did before he was hurt; that at times he was compelled to quit work; that about a week before the incident of April 17, 1926, he noticed his back becoming worse, and that the pains which he suffered were located in the same place as the pains he suffered in December, 1933; that the soreness was growing worse, until April 17, 1926, when he collapsed. There was medical testimony to show that the applicant had never completely recovered from his original injury, and that such injury was the proximate cause of his disability, and the second alleged injury was merely the occasion for him to know that he had further trouble with his back. It thus appears that there is substantial evidence to support the findings of the Commission that the injury of December, 1923, was the cause of and contributed to the disability suffered from and after April 17, 1926."

The California statute requires a different rule as to occupational diseases. Cases involving occupational diseases, therefore, are not applicable.

In Eureka Coal Co. v. Powers (Ind. App.) 150 N. E. 399, it was said:

"If the disability of the appellee for which he seeks compensation in this cause was the result of the injury which he received on December 17, 1924, then that injury would form the basis for a new application for compensation, separate and distinct and entirely independent of the former proceeding. If the disability of appellee was recurrent, as he claimed, the burden of taking care of his claim, paying the compensation due, would be upon the insurance carrier, whose policy was in force in July, 1924, at the time he was injured. If the disability for which he now seeks compensation was the result of the injury which he received on December 17, 1924, then the responsibility of caring for the compensation payable to him for the disability suffered as the result of that accident would be upon the insurance carrier whose policy was in force at the time of that accident. The liability of the two insurance carriers, if two there were, would be separate and distinct."

See, also, Pacific Coast Casualty Co. v. Pillsbury (Cal.) 153 P. 24; Reiss v. Northway Motor & Mfg. Co. (Mich.) 166 N. W. 840; Cook v. Charles Hoertz & Son (Mich.) 164 N. W. 464; Cunliffe v. Deslauriers Column Mould Co. (N. J.) 139 Atl. 411; and Witchekowski v. Falls Co. (Conn.) 136 Atl. 565.

Under those authorities we hold that it is the duty of the State Industrial Commission to determine from the evidence whether the ascertained disability of the claimant was due to a recurrence of the injury sustained on February 2, 1931, or to an independent, intervening cause, to wit, the occurrence on November 27, 1931, and to make an award against the insurance carrier who was carrying the insurance at the time of the accident, which was the proximate cause of the ascertained existing disability.

If it should be determined that the occurrence on November 27, 1931, was an independent, intervening cause, the award should be against the Fidelity & Casualty Company, notwithstanding the previous injury, under the rule stated in Choctaw Cotton Oil Co. v. Boyd, 162 Okla. 15, 18 P. (2d) 859. If it should be determined that the cause thereof was the accident on February 2, 1931, the award should be against the New York Indemnity Company, notwithstanding the recurrence on November 27, 1931, under the rule stated in Rock Island Coal Mining Co. v. U. S. Fidelity & Guaranty Co., 112 Okla. 250, 240 P. 635, and subdivision 6, section 13356, O. S. 1931. See Patrick & Tillman Drilling Co. v. Gentry, 156 Okla. 142, 9 P. (2d) 921.

By reason of the errors in the award and the necessity for a determination of the facts in conformity hereto, we have refrained from discussing the evidence in this case.

The award of the State Industrial Commission is vacated and the causes are remanded to the State Industrial Commission for further proceedings in conformity herewith.