The lower court has stated the issues and determined the case in the following written opinion:
"This is a suit to collect compensation at the rate of $10.40 a week for 400 weeks and medical and hospital expenses of $250.00. James T. Taylor, principal contractor and his insurer, Maryland Casualty Company and R.F. Mullineaux, a subcontractor and his insurer, Employers' Liability Assurance Corporation, are all made defendants and judgment, in solido, is prayed for against all of them.
"For a cause of action, plaintiff says in original and supplemental petitions that on or about October 3, 1939, he was employed by the defendant, James T. Taylor, and while acting in the course and scope of his employment, and while he and other employees were loading brick in a wheelbarrow which was resting on an inclined ramp running into the school building which was under construction, and plaintiff was standing on the ground and below the wheelbarrow and had about finished loading the brick, the wheelbarrow tilted over and emptied the load of brick on his back, seriously injuring him, the injuries consisting of a separation of the superior surface of the right sacro-iliac syndesmosis and bruised the muscles near the lower part of his back. He says that while he was suffering from his injuries he continued to work the balance of the day and may have worked the next day, but on the morning of the 7th of October he was directed by a foreman for Taylor to go to work for Mullineaux, the subcontractor, and on the first day of his employment while attempting to lift a sack of lime from a stack slightly higher than his head, he suddenly twisted his back, causing severe pain and seriously aggravating the previous injury which he had received while working for Taylor. That after this second accident, he began to swell over his entire body and was thereafter directed by the foreman for Mullineaux, whose name he does not know, to report to Dr. Birdwell, in Shreveport, and was treated for about 30 days by him.
"Plaintiff says that he was earning $16.00 per week and that he is totally and permanently disabled to do the kind of work he is qualified to do, which is manual labor.
"Exceptions of vagueness were answered by filing the supplemental petition. Exceptions of no cause and no right of action were overruled. Taylor and his insurer then answered denying the substantial allegations of the petition, except they admitted the weekly wages of plaintiff. In the alternative, should the court find that plaintiff is entitled to recover against them by reason of the alleged accident of October 7, 1939, while an employee of Mullineaux, then in that event they are entitled to recover and have like judgment against Mullineaux and his insurer, as warrantors and indemnitors, under the law of Louisiana and particularly Act 20 of 1914, as amended. The prayer is in accordance with the answer.
"Mullineaux and his insurer answered denying that plaintiff sustained any injury while working for Mullineaux, but admit he worked from 8 A.M. to 10:30 A.M. on October 7, 1939, at which time the work for the day was finished and he was laid off. They admit that plaintiff, on Monday October 9, 1939, reported an accident he claimed happened on October 7th and was sent to Dr. Birdwell, who treated him for about 30 days. They say the condition complained of by plaintiff is in no way related to or in consequence of his employment by Mullineaux on October 7th.
"In my opinion, the evidence reasonably establishes that plaintiff sustained an injury on Thursday, October 5, 1939, while working for the defendant Taylor, which did not completely disable him immediately, and that he also sustained another injury on Saturday, October 7, 1939, while working for defendant Mullineaux, and that he was at the date of trial wholly disabled to do work of a reasonable character. Reviewing all of the evidence would serve no useful purpose, but the conclusion is easily reached that in all probability plaintiff was suffering with syphilis at the time of injuries which were to the sacro-iliac region of the back, and this has retarded and will continue to retard recovery.
"This appears to me to be a case where two insurers are trying to put the `bee' on each other. Counsel for Taylor and his insurer readily admit that plaintiff was seriously injured while working for Mullineaux and that he is now disabled. Counsel *Page 339 
for Mullineaux and his insurer readily admit that plaintiff was seriously injured while working for Taylor and that he is now disabled.
"As said above, the negro appeared to be disabled at the time of trial. How long he will be disabled cannot be definitely determined from the evidence. If he had been timely and properly treated immediately after he was injured, he might be well now, but the insurance companies were evidently too busy trying to fasten liability on each other to do much for plaintiff. Neither has paid him any compensation at all. In my opinion, all the defendants should be cast, in solido.
"Plaintiff only proved $10.00 for doctor bills for treatment. That was for Dr. Waller. The other bills he proved were apparently for examinations so the doctors could testify.
"Counsel for Mullineaux and his insurer, in a supplemental brief, argue that under no circumstances can they be held liable for the reason, they contend, that no accident happened to plaintiff on October 7, 1939, and that whatever happened on that date was nothing more than the manifestation of pain and consequences resulting from the serious injuries sustained two days earlier.
"None of us, including counsel for Taylor and his insurer (who also filed a supplemental brief) have been able to find a similar case in this State, but counsel for Mullineaux cite two cases from other jurisdictions: New York Indemnity Co. v. Miller [163 Okla. 283], 22 P. [2d] 107, an Oklahoma case; and Associated Industries Ins. Corp. v. Industrial Accident [Comm.], 85 Cal.App. 184,259 P. 110; which, it is contended, support the position taken by them. However, the jurisprudence as established in this State is to the effect that when an employee is already suffering from some disease that might ultimately cause total disability, if he sustain an injury that accelerates the disease, he is entitled to compensation.
"Numerous authorities might be cited on this point but it is so well settled that citation is unnecessary. So, in my opinion, if the plaintiff was already suffering from the injury he sustained on October 5, 1939, but had not become wholly disabled, and the injury he sustained on October 7, 1939, had the effect of causing total disability, he would be entitled to compensation from the employer for whom he was working at the time of the second injury and, in view of the attitude of all the defendants toward the plaintiff, who is no doubt disabled, he ought to have judgment against all of them.
"For these reasons there will be judgment in favor of plaintiff and against all defendants, in solido, for compensation at the rate of $10.40 per week, beginning October 7, 1939, during the period of his disability, not, however, to exceed 400 weeks, with legal interest on past due payments from the time such payments were due and for $10.00 for Dr. Waller's bill, with interest from judicial demand and for all costs of this suit."
All defendants perfected appeals to this court and plaintiff has answered the appeal praying that the judgment be amended by increasing the amount allowed for medical treatment from $10 to $250 and, as amended, that the judgment be affirmed.
Defendants, R.F. Mullineaux and his insurer, Employers' Liability Assurance Corporation, Ltd., reurge in this court their exceptions of no cause and no right of action. The lower court's ruling on these exceptions is correct.
Plaintiff alleged that the accident of October 7th accelerated the injury received on October 5th and that it was due to said two accidents that he was totally disabled. Clearly, plaintiff has stated a cause of action and a right of action.
A few days before the case was argued here the plaintiff died. His widow was qualified as administratrix and has been made party plaintiff instead of her deceased husband.
The opinion of practically all of the many doctors who testified in the lower court was that plaintiff could have been cured by proper treatment within a period of time of from six to eighteen months. They were all of the opinion that he was totally disabled at that time. Deceased was suffering from syphilis at the time he was injured and in order to cure the sprain in the sacro-iliac region, it was necessary that the syphilis be cured. Unfortunately for the deceased, the two defendant insurance companies were fighting each other over which of them was to pay and neither saw fit to give any treatment to deceased after the first thirty days. The treatment during this thirty days did *Page 340 
not take into account his syphilitic condition.
There is no doubt, in our minds, based on the medical testimony, that deceased would have been living today if the insurers had given him the treatment they were required by law to give. He was not financially able to secure the needed treatment. The only treatment, other than the first 30 days, was given by Dr. Waller, for which he charged $10.
Treatment now cannot help the deceased and to award judgment for the additional $240 for medical treatment would be only a penalty against the defendant insurance companies. We know of no law justifying such action by us.
Deceased was totally disabled at the time of trial below and his disability did not cease until his death on September 22, 1941. He was injured on October 5, 1939, or October 7, 1939, or on both dates, and his widow and administratrix is entitled to compensation at the rate of 65% of his weekly wages for the period of time intervening between the date of the accident and the date of his death.
The evidence in the record convinces us that deceased was the victim of two accidents, the first occurring on October 5, 1939, while he was employed by James T. Taylor; and the second on October 7, 1939, while he was in the employ of L.F. Mullineaux. In the first accident a wheelbarrow loaded with 90 or 100 brick turned over on him and injured his back seriously. This happened around 3:30 or 4:00 in the afternoon. He complained of his back at the time and finished the day's work in pain and only then with the help of his fellow workmen. He did not work the next day but remained at home and applied local treatment himself. The next morning, October 7th, he went to work for Mullineaux and was engaged in handling sacks of lime weighing from 90 to 100 pounds. He worked for one hour or longer, constantly in pain. When in the act of lifting a sack of lime from over his head to a wheelbarrow by his side, his foot slipped, causing him to twist his back and go down with the sack of lime. He was unable to continue his work and never performed any kind of work thereafter.
There is no doubt, in our minds, that the first accident would have caused total disability to deceased in a very short time in the condition he was and there is strong probability that the second accident, without the first having happened, would also have soon caused total disability, but we are convinced that it took a combination of the two accidents to totally disable the deceased at the time he became disabled on October 7, 1939. For that reason we fail to find error in the judgment of the lower court wherein it found all defendants liable, in solido.
It therefore follows that the judgment of the lower court is amended by fixing the term of compensation payments from October 7, 1939, until September 23, 1941, and making the judgment in favor of Ella White, Administratrix, instead of Prentis White, now deceased. In all other respects the judgment is affirmed, with costs.