**PALLESEN CONSTRUCTION COMPANY
and Fireman's Fund Insurance
Company, Petitioners,**

**v.**

**William Clifford WARREN and the State
Industrial Court, Respondents.**

No. 41124.

Supreme Court of Oklahoma.

May 11, 1965.

Henry W. Nichols, Jr., of Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, by K. J. Schwoerke, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

DAVISON, Justice.

On February 20, 1961, William Clifford Warren, hereinafter referred to as claimant, filed a claim before the State Industrial Court against Steve Osborne and G. H. Elliott, doing business as Osborne & Elliott Construction Company, with no insurance

carrier listed. Claimant alleged that on December 15, 1960, while employed by the above employer, he injured his back. The claim was assigned number C–99959 by the State Industrial Court.

On October 20, 1961, testimony was heard by a trial judge wherein it was stipulated as to all jurisdictional facts and that claimant had sustained an accidental injury as alleged. Relief asked for by claimant was for temporary and permanent disability compensation. Claimant testified as to his condition and at the end of that hearing, the trial judge gave each of the parties fifteen days in which to submit their medical evidence. Claimant introduced into evidence at that hearing a written report by Dr. H who stated, in his opinion, as a result of the accidental injury, claimant was totally disabled and would remain so until "surgical procedure is performed." Respondent at that time offered no medical evidence.

Nothing further transpired in that case until June 6, 1963. On March 4, 1963, claimant filed a claim for compensation for another injury which was against Pallesen Construction Company and its insurance carrier, Fireman's Fund Insurance Company, who are the petitioners herein, alleging that on January 10, 1963, he sustained a compensable injury to his back arising out of his employment.

This claim was assigned number D–17404.

On June 6, 1963, this cause was heard by a trial judge other than the one who had heard the testimony in case No. 99959. At the latter hearing, in No. D–17404, it was stipulated as to all jurisdictional facts, but petitioners denied that claimant had sustained an accidental injury and if he had any disability, it was the result of the previous injury on December 15, 1960, while employed by another.

Claimant testified that on January 10, 1963, he was operating a road grading machine for Pallesen, doing right-of-way construction work; that he picked "up a sheet foot roller" with the blade of the machine; that "it takes a lot of power, two or three hundred pounds, anyway" to hold "it in there" and that because of this, he injured his back; that the following week he told his "boss" about the accidental injury and that he had to go to a doctor; that he went to Dr. B who treated him many times. Claimant testified further as to the periods of time he was off work because of the injury.

Petitioners, in case No. D–17404 then offered into evidence the file in case No. C–99959 and a transcript of the testimony taken thereon and moved that all proceedings in case No. 17404 be held in abeyance until case No. C–99959 be disposed of, or that the two cases be consolidated for trial at the same time.

The record reveals the two cases were continued until June 25, 1963, when claimant appeared, represented by his attorney in the first case, and with a different attorney representing him in his second case; respondent in the first case was represented by its attorney and the petitioners in the second case were represented by their attorney.

The trial judge, as the first proceeding of this hearing, admitted into evidence in case No. 99959, a written report by Dr. T on behalf of the respondent and a written report by Dr. S. dated October 16, 1961, on behalf of claimant. Dr. T stated that in his opinion claimant sustained a 5 per cent permanent partial disability to the body as a whole as a result of the accident of December 15, 1960; Dr. S stated that in his opinion, claimant had sustained 20 per cent partial permanent disability to the body as a whole as a result of the first injury. Case No. 99959 stood submitted.

Claimant's attorney in the second cause then announced the relief asked for was temporary total and further medical.

Claimant was recalled by his attorney to testify that he was willing to submit to an operation on his back. His attorney announced he had no further questions.

Counsel for petitioners announced he had no questions. Counsel for respondent in the first case then asked the trial judge if he could ask questions in the second case. The trial judge permitted him to do so. At this point counsel for petitioners again objected "to any and all proceedings" in the second case until there is a final adjudication of case No. C–99959. The judge overruled the objection. Counsel for claimant in the second case objected to counsel for the respondent in the first case asking questions in the second case. That objection, too, was overruled. Counsel for respondent in the first case then proceeded to cross-examine claimant about both cases as to the doctors he had seen, what they had told him about his condition and disabilities and from which injury the disabilities resulted.

Claimant introduced the written report of Dr. H dated June 17, 1963, wherein he stated he believed claimant to be "totally disabled" and would be "until a corrective surgical procedure is performed."

Claimant also introduced the written report of Dr. G who stated claimant had 30 per cent permanent partial disability to the body as a whole because of the accident of January 10, 1963.

Petitioners introduced the deposition of Van Smithpeter who stated he was the foreman for respondent, Pallesen; that claimant went to work for him in July or August of 1961 and worked until May of 1962; that claimant complained of his back hurting all during this period; that later claimant returned to work for Pallesen; that he was with claimant when claimant lifted the sheet roller and while claimant did not say anything at that time about being hurt, claimant did call him about two weeks later and told him he had hurt himself "working on the roller."

Petitioners also introduced into evidence the written report of Dr. S, dated April 5, 1963, wherein Dr. S stated in his opinion claimant had "no more permanent disability than he had prior to the recent injury."

At this time petitioners' counsel stated "The respondent and insurance carrier, as a result of the 1963 injury, renews its objection as to the consolidation of these cases for the purpose of trial as heretofore set out * * *."

The trial judge responded by saying that he had never considered the cases "are actually consolidated," that they were "merely" set at the same time but were being tried separately as to all evidence, both lay and medical, and that he would issue two separate orders in the cases.

On July 8, 1963, the trial judge entered an order in case No. 99959 finding that claimant had sustained an injury to his back on December 15, 1960, while employed by respondent Osborne & Elliott Construction Company, that the evidence was insufficient to determine the amount of compensation due claimant for temporary total disability and that that issue "is reserved for further hearing and consideration," but that claimant had sustained 5 per cent permanent disability to the body as a whole. This order was not appealed by either party, it has become final and the record reveals it has been fully complied with.

Also on July 8, 1963, the trial judge entered an order in case No. D–17404 finding that claimant had sustained a compensable injury to his back on January 10, 1963, while employed by Pallesen Construction Company, that a determination of the amount of temporary total compensation was "reserved for further hearing and consideration" because of insufficient evidence, and that claimant had sustained a 15 per cent permanent partial disability to the body as a whole because of the last injury. The order was affirmed on appeal to the court en banc.

Petitioners bring this original proceeding for a review of the award in case No. D–17404 and for reversal of the same urge two propositions, to-wit:

"1. That by a combination of two entirely different cases for trial simultaneously allowing attorneys to ex-

amine witnesses in each case regardless of whom they represented, denied this petitioner an orderly and fair trial before the State Industrial Court.

"2. Petitioners in the instant case were not granted a fair and orderly trial."

Petitioners do not question the correctness of the order complained of or that there was not sufficient competent evidence to support the same. Their two propositions raise but one question: were petitioners denied a fair and orderly trial in case No. D–17404 by the State Industrial Court? (were they denied due process of law?)

By due process of law is meant an orderly proceeding, adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief. Banister Plumbing Co. v. Dreadin, Okl, 395 P.2d 645; Sanitary Land Fill Company v. Pearson, Okl., 330 P.2d 576; Kiespert v. Jenkins, Okl., 324 P.2d 283; Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820.

We have also held that it is the duty of the State Industrial Court before making an award to grant a full and complete hearing to the parties interested on the question presented. A. K. Spalding Const. Co. v. Walden, Okl., 268 P.2d 247; Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507; Conrad v. State Industrial Commission, 181 Okl. 324, 73 P.2d 858.

The record reveals, the evidence clearly supports, and the petitioners do not question, that they were granted a full and complete hearing before the lower court in the only case they were interested in, to-wit: No. D–17404. Petitioners filed an answer of denial to claimant's Form No. 3; they cross-examined claimant; they introduced into evidence the record and the transcript of testimony in case No. C–99959; they introduced into evidence the deposition of Van Smithpeter and they introduced into evidence the medical report of Dr. S. They were not denied the introduction of any evidence.

The proceeding was adapted to the nature of the case before the tribunal having jurisdiction, petitioners had notice, and as above stated, were definitely given the opportunity to be heard.

Petitioners argue the two actions could not "have been properly joined" and cite paragraphs one and two of the syllabus of the case of Winemiller v. Stewart, 125 Okl. 230, 257 P. 288, as being the "closest one" in point. Paragraph one, we think, in itself sets the case apart from the case at bar. It is:

"Actions, which could not have been joined, cannot be consolidated and tried by the same jury at the same time, where any of the parties objected."

For the sake of petitioners' argument only, let us assume the cases at bar were ones "which could not have been joined" and therefore could not be consolidated for trial, where any of the parties objected.

Here, petitioners at the first hearing on June 6, 1963, not only did not object to the consolidation of the cases for trial but moved that "these cases be consolidated for trial at the same time;" they also were the ones who introduced into evidence in their case the record and transcript of testimony in the first case.

But had not the above been done, the cases were still properly consolidated under the rule in the case of Tippett & Bond v. Moore, 167 Okl. 636, 31 P.2d 583.

In that case claimant received an injury to his back on June 30, 1933, while employed by one employer; on August 17, 1933, while employed by a second employer, he again injured his back. The claimant filed his claim asserting his disability was due to the injury on June 30, 1933, while employed by the first employer. The second employer reported to the Industrial Com-

260 █ · 

mission a purported injury to claimant on April 17, 1933, while in its employment. That report was docketed as a separate proceeding by the Commission. The two proceedings were consolidated for the purpose of one trial. In that case we held:

"Where a claimant is asserted to have suffered two different accidental personal injuries while working for different employers, the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the State Industrial Commission. The finding of that body on such a question will not be disturbed in this court if supported by any competent evidence."

See also the cases of Denver Producing & Refining Co. v. Phillips, 163 Okl. 106, 21 P.2d 42; C. E. Reynolds Drilling Co. v. Phillips, 163 Okl. 170, 22 P.2d 111, and the consolidated cases of New York Indemnity Co. v. Miller and Ramsey Petroleum Corp. v. Miller, 163 Okl. 283, 22 P.2d 107, 108.

There is more than adequate evidence to show that each cause was fully heard and submitted as separate, distinct cases for the lower court's consideration and determination. There is no evidence that the trier of the facts in case No. D–17404 was influenced by the evidence in case No. C–99959. There is no evidence that the petitioners' rights were prejudiced in any way by the consolidation of the two cases.

█ We therefore hold that the consolidation of the two cases for trial was not an abuse of judicial discretion, that petitioners' rights were not prejudiced thereby, that they were granted a fair and orderly trial by the State Industrial Court in case No. D–17404 and the award entered therein is sustained.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY and HODGES, JJ., concur.