## KELLOGG et al. v. ROE et al.

No. 24218.    Sept. 26, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Al Rodgers and Kermit Van Leuven, for respondents.

WELCH, J. This is an original action to review an award by the State Industrial Commission. W. M. Kellogg was the employer and Chester Roe was the employee to whom the award was made. The employee was working as a welder, and on February 6, 1930, was injured. A small particle of steel struck and penetrated his right eye and injured the eye severely, and it was necessary that the eye be removed, which was done three or four days later. Thereafter, on March 14, 1930, the Industrial Commission awarded the employee the maximum compensation of $18 per week for one hundred weeks for the loss of the right eye. This award was paid in full by lump sum payment, and the case marked "closed" upon the files of the Commission.

A little more than two years later the employee filed with the Commission his motion to reopen the case upon the grounds that the condition of the plaintiff was changed since the date of the former award. Hearings were had upon the motion, and on October 15, 1932, the State Industrial Commission made a finding to the effect that claimant then had 10 per cent. permanent partial loss of sight or vision of left eye as a result of the accident on February 6, 1930, and that such loss of vision occurred subsequent to March 14, 1930, the date of the former award, and awarded claimant further compensation in the total sum of $3,150 or 175 weeks' additional at the rate of $18 per week.

Petitioners herein complain of the last order of the State Industrial Commission, and urge the proposition that there is no competent testimony sustaining the finding of the State Industrial Commission that the 10 per cent. permanent loss of vision of the left eye was caused by the accident on February 6, 1930, and that there is no competent evidence sustaining the finding that the loss of vision to the left eye occurred subsequent to the award of March 14, 1930, and that there was a "change of condition" subsequent to the March 14, 1930, award.

It is not questioned that the employee now has the claimed deficiency of vision in the left eye. The question is, whether it existed at or before the injury to the right eye, or whether it occurred as a loss of vision since the injury and is a change of condition. The evidence as shown by the record is substantially as follows: The employee, Chester Roe, testified that his eyesight was good prior to his injury on February 6, 1930, and that he observed no deficiency in the vision of the left eye until some weeks after his injury. However, Dr. Westfall, a recognized eye specialist, was the doctor who received the employee into his care on the day following the injury and treated him and removed his right eye and gave him continued care until he was discharged some weeks later. Dr. Westfall testified that on the day after the right eye was injured, he examined the left eye. That the left eye was then not injured in any way, nor in any manner affected by the injury to the right eye. That he thoroughly examined and checked the vision of the left eye in a manner recognized as correct, and then found existing the same deficiency of vision which now exists, which was not in any manner caused or contributed to by the injury of the right

eye. There was testimony of other physicians as to the present deficiency of vision in the left eye, but they knew nothing of the condition of the eye at or prior to the accident. They did testify that from the history of the case it was their opinion that the deficiency of vision now existing resulted from the injury to the right eye in February, 1930; however, this history of the case was a statement made to them by the employee that prior to February, 1930, he had normal vision in the left eye. It will thus be seen that the testimony of Dr. Westfall that the same impairment of vision of the left eye existed at the time of the accident was not disputed, except by the testimony of the employee himself, who thought, doubtless in good faith, that the vision of the left eye was unimpaired at the time of the accident.

In such case the conclusion of the employee as to the existing percentage of vision in the left eye at and prior to his accident, and his testimony in this case in reference thereto, are not sufficient evidence to support a determination that the vision of the left eye was perfect prior to the injury.

We are impressed with the similarity of the foregoing facts, and the rules of law applicable thereto, with those involved in the case of Indian Territory Illuminating Oil Co. v. Hendrixon, 158 Okla. 176, 13 P. (2d) 137, and the case of Tulsa Boiler & Machinery Co. v. Simmons, 163 Okla. 138, 21 P. (2d) 759. In each of the cases cited the employee or claimant gave a history of good eyesight prior to an accident, but in each case there had been a scientific examination which showed the same former impairment of vision as was later claimed by the employee to be a change in condition resulting from the accident, and in each of the cited cases this court held that the conclusion of the employee was not justified, and that his testimony thereto and the evidence in general was not sufficient to sustain the finding of the Commission.

In this case the injury to and loss of the right eye was not questioned, and the maximum award therefor was fully paid. We hold that the conclusion of the Industrial Commission that the present impairment of vision of the left eye was caused by that injury, and resulted as a change of condition, is not supported by any competent evidence reasonably tending to support such finding, and that the second award of October 15, 1932, must be vacated, and it is so ordered.

RILEY, C. J., and SWINDALL, McNEILL, and OSBORN, JJ., concur. CULLISON, V. C. J., and ANDREWS, BAYLESS, and BUSBY, JJ., absent.