## TIPPETT & BOND et al. v. MOORE et al.

### No. 25188. April 3, 1934.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Leo J. Williams and Paul L. Arnold, for respondents.

A. P. Murrah, Luther Bohanon, and J. I. Gibson, amici curiae.

BUSBY, J. This is an original action in this court in which the petitioners Tippett

& Bond and the Consolidated Underwriters seek to vacate an order and award of the State Industrial Commission. The award complained of was entered by the Commission October 25, 1933, in favor of the respondent Elgie Moore, claimant before the Commission. The claimant was awarded compensation for continuing temporary total disability found to result from an accidental injury received by him on June 30, 1933.

The record discloses that, on June 30, 1933, the claimant, while employed by the petitioner Tippett & Bond, suffered an accidental personal injury arising out of and in the course of his employment. He was assisting in drilling an oil well and sustained a severe strain to his back while attempting to lift a 150-pound bit protector.

He received medical treatment from Drs. W. L. King of Wewoka, and Geo. H. Kimball of Oklahoma City. On August 14, 1933, the claimant had a conversation with the latter physician in which he was advised that his condition was such that he might be able to return to work provided he performed only light labor. The claimant obtained employment with the Loffland Brothers as a boiler fireman, and commenced to work for his new employers on August 15, 1933. Three days later, on August 17th, while claimant was undertaking to close a blow-out valve, he experienced further difficulty with his back and was again compelled to quit work. The claimant filed his claim for compensation with the State Industrial Commission, asserting that the disability complained of was due to the injury received on June 30, 1933, while he was working for Tippett & Bond. Loffland Brothers reported to the Commission a purported injury to the claimant occurring on August 17, 1933. This report was docketed as a separate proceeding by the Commission. Thereafter, and on the 7th day of October, 1933, the two proceedings were consolidated for the purpose of trial. Hearings were held, and on the 25th day of October, 1933, the Commission determined that the disability of the claimant was due to the accidental personal injury of June 30th, and that the occurrence of August 17, 1933, was merely a recurrence of the original injury. In accordance with its finding, the Industrial Commission determined that the petitioners herein were liable for compensation for the disability suffered by the claimant.

It is the claim of the petitioners in this proceeding that all or a portion of the compensation to the claimant should be paid by claimant's employer, Loffland Brothers, for whom claimant was working on August 18th. The rules of law applicable to this situation were announced by this court in the cases of Denver Producing & Refining Co. v. Phillips, 163 Okla. 106, 21 P. (2d) 42; C. E. Reynolds Drilling Co. v. Phillips, 163 Okla. 170, 22 P. (2d) 111, and the consolidated cases of New York Indemnity Co. v. Miller and Ramsey Petroleum Corporation v. Miller, 163 Okla. 283, 22 P. (2d) 107. In the latter case this court said in syllabus 7:

"Where there have been two accidents to an employee, the question of whether the disability sustained by him should be attributed to the first accident or to the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent intervening cause."

In syllabus 5 it was also said:

"If the second injury is but a recurrence of the original injury, compensation therefor must be paid by the employer and insurance carrier at the time of the first injury."

In the case of C. E. Reynolds Drilling Co. v. Phillips, supra, we held, in substance, that where the resulting disability was attributable to two different accidents suffered by a claimant while working for two different employers, it becomes the duty of the Commission to determine the amount of disability attributable to each accidental injury, and to apportion the employers' liability accordingly. The cause of the claimant's disability in this case presented to the Commission a question of fact. In passing upon this question of fact, the Commission determined that the claimant's disability in this case was due to the injury suffered on June 30, 1933, and that the occurrence on August 17, 1933, was merely a recurrence of the original injury. The finding of the Industrial Commission on questions of fact are binding and conclusive on this court if supported by any competent evidence. For the purpose of determining whether or not the finding of the Commission in this case on the disputed question of fact is supported by any evidence, we have examined the record. We find that Dr. Moore, a witness for the claimant, testified in part as follows:

"Q. Doctor, I will ask you to state whether or not—strike that—which injury do you think is primarily the cause of the present disability? A. The first one, I don't believe there is any question about it at all."

He likewise testified referring to the cause of claimant's disability:

"The Court: You are of the opinion that it is a recurrence of the injury of June 30th? A. Yes, sir."

There is other testimony in the record tending to support the finding of the Commission. However, we deem it unnecessary to burden this opinion with a further analysis of the evidence. It is sufficient to say that there is in the record competent testimony which supported that finding. The petition to vacate the award will therefore be denied.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. RILEY, C. J., and WELCH, J., absent.