RIALTO MINING CO. et al. v. EPPS et al.

No. 31364. Dec. 14, 1943.

*143 P. 2d 798.*

John R. Wallace and A. C. Wallace, both of Miami, for petitioners.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Rialto Mining Company, employer, and its insurance c a r r i e r, Consolidated Underwriters, hereinafter referred to as petitioners, to review an award made to Dee Epps, respondent.

Employee's first notice of injury and claim for compensation was filed September 18, 1942, and stated that on May 29, 1942, respondent sustained an injury to his eye while operating an air shovel. After several hearings the State Industrial Commission entered an award under date of March 6, 1943, finding that respondent sustained a disability of 61 per cent of the loss of vision of the right eye and ordering payment therefor. This proceeding is brought to review said award and the sole issue presented is that there is no competent evidence reasonably tending to support the finding that there is a disability as a result of the accidental injury of May 29, 1942.

The record discloses that the respondent sustained an accidental injury arising out of and in the course of his employment with the petitioner, Rialto Mining Company, while operating a mechanical shovel. The blade of the shovel struck a stone and a piece of material lodged in his eye. The employer reported the injury on September 18, 1942, and on the same date filed a notification of discontinuance of payments for temporary disability, stating that disability had terminated and asking that the cause be set down for hearing. Dr. Randell testified at a hearing held October 30, 1942, and stated that the respondent had a disability, and that in his opinion the total loss of vision of the right eye was due to the accidental injury of May 29, 1942. There had been an eye injury in a prior employment with another company and the award of the State Industrial Commission is commensurate with the disability as testified to by this physician less a former assumed disability. See Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. 2d 411.

Petitioners insist that the evidence offered at a former hearing in another proceeding by respondent against another employer demonstrated conclusively that the respondent had a total loss of vision in the right eye prior to the accidental injury of May 29, 1942. They cite and rely upon Kellogg v. Roe, 165 Okla. 112, 25 P. 2d 302; Indian Territory Illuminating Oil Co. v. Hendrixson, 158 Okla. 176, 13 P. 2d 137; Tulsa Boiler & Machinery Co. v. Simmons, 163 Okla. 138, 21 P. 2d 759.

In cases cited the particular employee, or claimant, involved gave a history of good eyesight prior to the accident, but in each case there had been a scientific examination which showed without contradiction the same impairment of vision as was later claimed. In the case at bar we have the testimony of expert medical witness as to a prior condition, but we cannot agree with petitioner that there is no competent evidence reasonably tending to support the finding that there is an added disability commensurate with the award made; neither do we think that the testimony shows without contradiction that respondent has the same impairment of vision now that he had prior to the accidental injury of May 29, 1942. The medical testimony as to impairment of vision of the right eye prior to May 29, 1942, is not only contradicted but it is in hopeless conflict. The nature of the disability and the extent thereof are questions of fact to be determined by the State Industrial Commission, and if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission on this issue, the Supreme Court will not disturb an award based thereon. Pittsburgh Plate Glass Co. v. Davison, 190 Okla. 228, 122 P. 2d 388; Stansell v. Tucker, 191 Okla. 377,

130 P. 2d 294; Tidewater Associated Oil Co. v. Ale, 191 Okla. 414, 130 P. 2d 991.

The award is sustained.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.