**CAREY FURNITURE & APPLIANCE COMPANY and Equity Mutual Insurance Company, Petitioners,**

v.

**John CAREY and State Industrial Court, Respondents.**

No. 39658.

Supreme Court of Oklahoma.

Dec. 27, 1961.

Rehearing Denied Jan. 30, 1962.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

J. I. Pitchford II, K. D. Bailey, Okmulgee, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

John Carey, claimant, filed his first notice of injury and claim for compensation on May 23, 1960, stating that on April 23, 1958, while employed by Carey Furniture and Appliance Company, he sustained an accidental injury when he fell and hurt his knee. An award was entered for temporary total disability and medical expenses and this proceeding is brought by the employer and its insurance carrier, Equity Mutual Insurance Company, to review the award.

Claimant testified that he injured his knee on April 23, 1958, when he fell from a porch while delivering furniture. He had surgery on May 8, 1958, and it is undisputed that he received medical treatment from Dr. W, at petitioners' expense, until October 23, 1958. On December 27, 1959, he sustained a serious injury to his hip when he fell in his home, breaking the hip. He testified that he fell while on the way from the dining room to the kitchen, and that his injured knee "went out from under me" causing the fall. He further testified that he had fallen four times before this, because of the knee injury. Dr. M thereafter performed two operations upon claimant's hip, the second one on June 1, 1960.

Dr. M testified by deposition and filed medical reports in the case, and the substance of the testimony and reports is that the fall and injury to the hip were caused by the prior injury to the knee.

Petitioners' first proposition is that the claim is barred by 85 O.S.1953 Supp. § 43, because it was not filed within one year from April 23, 1958. However, it is well settled that the one year period of limitation provided by that section of the statute is tolled during the time the employer furnishes the employee with medical treatment to which he is entitled under the Workmen's Compensation Law. Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196.

In this connection, it is agreed that employer furnished medical treatment by Dr. W, for the knee injury, until October 23, 1958. Employer contends that on that date, Dr. W discharged the claimant from further medical treatment, but claimant denies that he was ever discharged. Employer relies upon a letter from Dr. W to representatives of the insurance carrier, dated October 23, 1958, in which he said:

"* * * In regard to the osteocondritis of the knee I have no way of knowing whether this condition existed prior to the injury, or at the same time as a result of the traumatic injury. However, I did find it necessary to scrape the bone as a result of the osteocondritis and feel that *it will take the patient a considerable length of time* before this condition is completely eliminated. * * * I did, however, discharge the patient from further medical care *at this time* and stated that he

could return to his full duties, *recommending that the patient return* in approximately two months \* \* \*. I would estimate *at this time* that he has a 15% total permanent disability to the leg." (Emphasis supplied.)

We do not believe that this letter, construed as a whole, can be said to be a release or discharge of the claimant from further medical treatment. It indicates the possibility that the osteocondritis might be the result of the injury, and that this "condition" has not been completely eliminated. It evidences an intention of the doctor that claimant should return for further examination or possible treatment, and that claimant was so advised. The repeated use of the phrase "at this time" is another indication that further examination or treatment was contemplated.

■ There was substantially uncontradicted evidence that Dr. W continued to treat claimant at irregular intervals, for the knee injury, until November 18, 1959. The claim was filed May 23, 1960. Although petitioners contend that they have not furnished claimant with medical treatment since October 13, 1958 (the date of the last treatment for which the insurance carrier has paid), the following language from the body of the opinion in Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196, 197, in which a similar situation was considered, is particularly apt here:

"There is no evidence to the effect that petitioners at that time, or at any time, notified either the doctor or the respondent that they had discontinued medical treatment. Respondent has never been released or discharged by the doctor. In these circumstances we hold that the statute was tolled during all the time respondent was furnished medical treatment."

We therefore hold that the claim in the instant case is not barred by the provisions of 85 O.S.1959 Supp., § 43.

Petitioners' last proposition is that the medical expense and temporary compensation awarded in this case did not arise out of the injury of April 23, 1958, but out of the fall which occurred in the home on December 27, 1959.

Under this proposition, petitioners argue that claimant was discharged by Dr. W on October 23, 1958, after being paid for the injury of April 23, 1958. However, the record does not show that the payment was made under such circumstances as to deprive the State Industrial Court of further jurisdiction, and, as above noted, Dr. W did not discharge claimant.

Petitioners also argue that "an intervening accident, a slip on the floor at his home, is the sole legal cause of the injury to claimant".

In Tippett & Bond v. Moore, 167 Okl. 636, 31 P.2d 583, this court held:

"Where a claimant is asserted to have suffered two different accidental personal injuries \* \* \* the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the State Industrial Commission. The finding of that body on such a question will not be disturbed in this court if supported by any competent evidence."

See also Deep Rock Oil Corp. v. Betchan, 169 Okl. 42, 35 P.2d 905, 102 A.L.R. 786.

The award entered by the trial judge, later approved by the Court en banc, contained a specific finding that "by reason of the instability of claimant's left knee, said knee gave way causing claimant to fall, thereby causing a fracture to his left hip".

■ There was competent evidence to support this finding. The claimant testified that the fall of December 27, 1959, occurred when his previously injured knee went out from under him, as it had done several times since the knee injury. Dr. M testified for claimant that the knee injury (of April 23, 1958) was the cause of the fall (of December 27, 1959) which resulted in injury to the hip.

A substantially similar situation was considered by the Supreme Court of Utah

in Continental Casualty Co. v. Industrial Commission of Utah, 75 Utah 220, 284 P. 313. See also Carey v. Frederick Wiedlandt & Co., 100 Pa.Super. 220, and other cases cited at 102 A.L.R. 792.

An award of the State Industrial Court in a proceeding properly before it, based on its finding as to the cause and extent of the disability resulting from an accidental injury, will be sustained where there is any competent evidence reasonably tending to support such finding. Rialto Mining Co. v. Epps, 193 Okl. 371, 143 P.2d 798.

The award of the State Industrial Court is sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, and JOHNSON, JJ., concur.

IRWIN and BERRY, JJ., dissent.