PATTERSON STEEL COMPANY, Own Risk,
Petitioner,

v.

Greg STEVENS and State Industrial Court,
Respondents.

No. 41331.

Supreme Court of Oklahoma.

Nov. 23, 1965.

Rehearing Denied Dec. 21, 1965.

Dennis J. Downing, Tulsa, for petitioner.

Childers & Keller, Oklahoma City, Carl Longmire, Pryor, Charles R. Nesbitt, Atty. Gen., for respondents.

BERRY, Justice.

This is an original proceeding to review an award of the State Industrial Court in favor of Greg Stevens, claimant, against his employer, Patterson Steel Company, own risk.

A trial judge of the State Industrial Court entered an order requiring respondent to furnish claimant further medical care. The trial judge's order was affirmed and adopted by the State Industrial Court en banc. The pertinent part of the order reads as follows:

"* * * That as a result of said injury, claimant has been temporarily totally disabled from April 9, 1964, to June 1, 1964, for which time he has been compensated in full; that claimant is in need of further medical treatment, care and attention, that a claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said injury, at the hands of a competent physician to be selected by respondent or insurance carrier. The claimant is not temporarily totally disabled at this time, but is in need of further medical treatment.

"It is therefore ordered that respondent or insurance carrier furnish claimant such medical treatment as may be necessary for correction of his condition due to said injury by a competent physician, same to be selected by respondent or insurance carrier."

The parties will be referred to herein as they appeared in the trial tribunal.

The respondent contends that the medical report of the claimant's expert witness is based on an incomplete inaccurate history, is of no probative value and insufficient upon which to base an award.

The evidence discloses that the claimant was in the employ of respondent herein on April 9, 1964. The claimant was helping move a steel beam with a crane when the beam fell, bounced and hit the wrist. He was treated by Dr. S for the injury until June 1, 1964, and was paid compensation until that date. After being released by the doctor, the claimant returned to work for respondent, doing the same type of work he performed prior to the injury. The claimant worked for respondent until June 20, 1964 and thereafter enlisted in the United States Navy.

While in the Navy the claimant did push-ups and other exercises he described as "like school calisthenics." After two weeks of training, the claimant's wrist began "bothering" him. He was sent to sick bay for examination and X-ray of the wrist. The claimant was discharged from the Navy September 11, 1964.

The claimant then returned to respondent who sent him to Dr. S for further examination. The claimant later went to Dr. M for an examination. It is the report of Dr. M which respondent argues is based on incompetent and inaccurate history, and thus of no probative value. The history of Dr. M's report is as follows:

"The patient states he was helping to lift a steel beam and it slipped from the crane and bounced and struck his left wrist. He was examined by Dr. Storts of Tulsa, at the time of the accident, x-rays were made and a cast applied, which he wore for two months. He states he has not seen any other doctor and was off work two months due to the accident. His only previous injuries, he states, were to his nose and two occasions in 1961 and 1962."

From this history and from a physical examination Dr. M then states the following conclusion:

"The patient has an un-united fracture of the carponavicular of the left wrist with cyst formation developing. It is my opinion at this time this patient requires surgery in the form a bone graft or removal of a portion of the necrotic bone. It is my opinion at this time, this patient has a 40% permanent partial disability to the left hand for the performance of ordinary manual labor, *due to the accident of May 1964*. A successful surgical procedure could

possibly reduce in part, permanent disability, however not to any great extent." (Emphasis ours.)

This history, as related by Dr. M, makes no mention of the claimant's entry into the United States Navy and his activities connected therewith. The testimony shows that Dr. M was not advised of these facts.

Respondent contends a medical report lacking such information is incomplete and without probative value, and cannot serve as the basis of an award. In support thereof respondent cites Acme Flour Mills et al. v. Bray et al., 185 Okl. 516, 94 P.2d 828, and Western Good Roads Service Co. v. Coombes et al., 185 Okl. 599, 95 P.2d 633.

In Acme Flour Mills et al. v. Bray, supra, this Court vacated an award in favor of a claimant whose medical witness was not advised that claimant was suffering from an attack of gonorrhea at the time of the alleged injury to the groin. Therein we said:

"* * * This opinion of the witness appears to have been based entirely upon a history given him by the respondent and which admittedly did not completely, correctly and fully advise the witness with respect to respondent's condition at the time of his alleged injury and hence his opinion being based upon a faulty premise and without a consideration of all the factors involved had no probative value, as the respondent had * * * testimony of skilled and professional persons. * * *"

The claimant contends such holding is inapplicable to the present case for the reason the facts showed claimant had an acute attack of gonorrhea the same day of his alleged injury, as to which he did not inform his medical witness; and also the claimant's medical witness in that case testified claimant had a strain but did not testify claimant had suffered injury to his groin.

In Western Good Roads Service Co., supra, this Court vacated an award of the State Industrial Court in favor of a claimant where the medical witness was told that alleged injury occurred when claimant was climbing up and down, when in fact the claimant was kneeling when the alleged injury occurred. Therein we said:

"Although an expert medical witness may give the history of a patient and testify from such history, * * * before the testimony of such witness that the disability results from the accident explained is competent to establish such disability, the evidence must disclose that the doctor assumed a set of facts substantially in the nature disclosed by the evidence on the hearing. * * *."

The claimant contends that the above case is inapplicable because in the instant case, the history of the injury as related by the claimant and shown in the history of the medical report are the same.

It is claimant's position herein that in both cases cited by respondent the incompetence of the medical evidence was because the history related by the doctors did not conform to the facts shown by the claimant as to the cause of the injury, or the doctors did not have information of an existing disability to the same part of the claimant's body. We agree these features distinguish the facts in the cited cases from those of the instant case.

The record herein reveals that there is no question that the claimant received an accidental injury on April 9, 1964, as alleged. There is no question as to the cause of the injury, or that there was any pre-existing disability at the time of injury. The record does not show any intervening incidents bearing upon claimant's condition other than the Navy activities.

The instant case is analogous to the circumstances disclosed in Deep Rock Oil Corp. v. Betchan, 169 Okl. 42, 35 P.2d 905, 102 A.L.R. 786, wherein we considered the question of whether the cause of an employee's second injury was from slipping while engaged in the course of his employment, or from cranking his Model A Ford automobile. Therein we said:

"* * * Not every incident (referring to the cranking of his automobile)

following an injury which physically aggravates it can be treated as a responsible intervening agency. * * * * * * * * * *

"It seems that a law designed to compensate workmen for loss of earning capacity from industrial accidents must have been intended to extend its shield at least to aggravations affecting the course of the injury during convalescence when such are produced by not unnatural events and involve no omission or breach of duty. We therefore think the commission (is) sustained by the record in disregarding the automobile incident (cranking) as a responsible cause."

It cannot be seriously argued that doing push-ups and other calisthenics are unnatural or unusual activities for a young man 18 years of age such as the claimant. The record shows that claimant did push-ups and other calisthenics while in the United States Navy. If such activities had been performed in his home, they would certainly appear as normal activities, and there is no suggestion that an accident occurred by reason thereof. Because they were done in the Navy should make no difference, since they were not unnatural events and did not involve an omission or breach of duty.

█ █ It is not absolutely essential that the history given to a medical witness include all the facts the evidence tends to prove. Black, Sivalls & Bryson v. Rhone, 197 Okl. 347, 170 P.2d 538. We conclude that the claimant's medical report was not fatally defective because of failure to recite the activities of the claimant while in the Navy.

█ Having thus resolved the question of the sufficiency of the claimant's medical report, the decisive question is one of fact. This Court has held many times that where the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must be proved by the testimony of expert persons, and a finding of fact based thereon when supported by competent medical evidence will not be disturbed on review. Bill Morris Tank Co. et al. v. Martin et al., Okl., 349 P.2d 15.

█ There is sufficient evidence reasonably tending to support the finding of the State Industrial Court that the claimant sustained an accidental personal injury arising out of and in the course of his employment on April 9, 1964.

The order of the State Industrial Court, requiring the respondent or insurance carrier to furnish claimant medical treatment, is hereby sustained.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concurring.