2005 OK 28

**MRS. BAIRD'S BAKERY and Pacific Employers Insurance Co., Petitioners,**

v.

**David Lee COX and The Workers' Compensation Court, Respondents.**

No. 100,345.

Supreme Court of Oklahoma.

April 26, 2005.

Donald A. Bullard of Bullard & Hoehner, P.C., Oklahoma City, OK, for Petitioners.

Nancy Lloyd of Lloyd & Lloyd, Sand Springs, OK, for Respondents.

**LAVENDER, J.:**

¶ 1 We decide whether the Court of Civil Appeals (COCA), Division I (by 2–1 decision) erred in vacating a Workers' Compensation Court (WCC) three-judge panel's order affirming (as modified) a WCC trial judge's order that Mrs. Baird's Bakery (employer) was to provide David Lee Cox (claimant) reasonable and necessary medical care and treatment to the low back, including fusion surgery. The panel's order (like the trial judge's preceding it) was based on finding, in effect, that claimant's need for the care and treatment was caused by an accident while performing a work-related task for employer and that an event occurring at claimant's home a number of months after the work-related accident was insufficient to constitute an intervening cause so as to break the chain of causation or causal nexus to the work-related accident. The COCA vacated the three-judge panel's order basically based on a finding the need for medical care and treatment, rather than stemming from the work-related accident, was the result of the event occurring at claimant's home, to wit: the act of lifting his disabled child. In that competent evidence was presented at trial before the WCC trial judge supportive of the factual determination(s) made by the three-judge panel that, in essence, the home event of claimant lifting his child did not constitute an intervening cause and the event only gave rise to a recurrence of the earlier work-related injury, we hold the COCA erred, we vacate that court's opinion and we sustain the WCC three-judge panel's order.[1]

**PART I. STANDARD OF REVIEW.**

 ¶ 2 When a WCC three-judge panel's decision is substituted in place of a WCC trial judge's decision and the former is tendered for appellate corrective relief, the review standard as to decisive factual determinations is the traditional any-competent-evidence test of correctness. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548, 552. In such review, an appellate court does not weigh the evidence to determine where the preponderance lies, but simply reviews the trial record for the purpose of ascertaining whether the panel's decision is supported by competent evidence. *Id.* Factual findings made in the WCC decision under review are conclusive and binding, unless they lack support in competent evidence. *Id.* Only if a relevant factual finding lacks support by competent evidence may a WCC decision based thereon be deemed erroneous as a matter of law and, thus, subject to vacation by an appellate court. *Id.*

**PART II. FACTS AND PROCEDURAL HISTORY.[2]**

¶ 3 In February 2002 claimant was employed by employer as a route salesman. Part of his job included the duty of delivering food products to employer's customers. While in the course of such employment, claimant injured his low back on February 9, 2002 as he picked up a box of tortillas.[3] He experienced pain in his back and, apparently, the next morning, the pain, in part, radiated down his right leg. At trial, in essence, employer (through counsel) stipulated that claimant sustained an accidental personal injury in the course of and arising out of his employment with employer by virtue of the February 2002 lifting incident.

¶ 4 An MRI scan revealed claimant suffered a large disc herniation at L4–5.[4] The

---

1. Petitioners here are Mrs. Baird's Bakery (employer) and Pacific Employers Insurance Co., its workers' compensation insurer. Respondents are David Lee Cox (claimant) and the Workers' Compensation Court (WCC). The WCC trial judge's decision was labeled Order Determining Compensability and the WCC three-judge panel's decision was labeled Order on Appeal Affirming in Part and Modifying in Part the Decision of the Trial Court.

2. We deem it unnecessary to set forth in detail all of the evidence that might bear on the issue of the cause of claimant's need for further medical care and treatment. We deem it necessary only

to set out a sufficiency of the competent evidence presented at the WCC trial court trial/hearing to show that a factual dispute was presented concerning the causation issue.

3. One of the exhibits admitted at trial (the medical report of Dr. P., a doctor of osteopathy), indicates claimant stated to Dr. P. that each box of tortillas he was lifting weighed thirty (30) pounds.

4. MRI is an abbreviation for "magnetic resonance imaging." THE AMERICAN HERITAGE STEADMAN'S MEDICAL DICTIONARY 532

MRI also revealed degenerative disc changes at L3–4. In June 2002 he underwent surgical intervention, undergoing a type of lumbar spine surgery. Claimant returned to work in July 2002, but with a medically prescribed forty (40) pound weight restriction.

¶ 5 In August 2002, at home, claimant lifted his twenty (20) pound daughter out of her playpen preparatory to suctioning her trachea, which must be done periodically by either claimant or his wife to clear out mucous build-up, so that their daughter may breath.[5] Claimant's daughter has Down's Syndrome and is apparently otherwise physically disabled, having had two heart surgeries. Upon lifting his daughter as aforesaid, claimant again experienced back pain and right leg pain. At the time of the lifting event involving his daughter claimant had not been completely released from medical care in relation to the February 2002 work-related incident.

¶ 6 A new MRI scan revealed recurrent disc herniation at L4–5, as well as the degenerative disc changes at L3–4. The doctor that had performed the initial surgery recommended claimant undergo further surgical procedure, some type of fusion surgery. A Dr. T (a doctor of osteopathy), who examined claimant and whose report was admitted at trial, essentially opined that claimant's lifting his daughter caused a "recurrence" or "reinjury" of the February 9, 2002 L4–5 disc herniation and that claimant's need for the fusion procedure was as "a direct result of the February 9, 2002 injury." In other words, Dr. T, in effect, opined that claimant's need for the surgery was caused by the February work-related accident/event and that the August 2002 event of lifting his daughter caused a recurrence of the work-related injury. A Dr. P (also a doctor of osteopathy), who examined claimant and whose report was admitted at trial, opined, in effect, that any further medical care that claimant may require was not related to the February 2002 work-related incident or to his employment with employer.

¶ 7 In his order, the WCC trial judge found that the February 9th work-related accident caused personal injury to claimant's low back, with sciatica and radicular symptoms into his right leg and foot. In other words, the injury arose out of and in the course of claimant's employment with employer. The trial judge also found the necessary act of picking up his daughter to suction her for secretions was not sufficient to break "the chain of compensable causality" to the earlier work-related accident and, in essence, that the home event caused a recurrence of the initial work-related injury (the phrase used by the trial judge was a "disc reherniation" as seemingly being indicated by the medical evidence). Thus, the order directed employer to provide claimant with reasonable and necessary medical care to his low back, including fusion surgery.

¶ 8 The three-judge panel order affirmed all of the trial judge's order, but found one paragraph thereof, ¶ 5, contrary to law and against the clear weight of the evidence. However, in substance and in effect, the three-judge panel order agreed with the trial court that the August 2002 home incident involving claimant picking up his daughter caused only a recurrence of the original work-related injury, that the home event was not sufficient to break the causal nexus to the work-related injury and employer was required to provide claimant necessary treatment to his low back, including fusion surgery.

¶ 9 Paragraph 5 of the WCC trial judge's order provided:

THAT the Court concludes that the claimant was still debilitated and not out of the woods medically when he performed the reasonable act of picking up his handicapped daughter. The activity was neces-

---

(2002 copyright). L4–5 stands for the fourth and fifth lumbar nerves. *See* TABER'S CYCLOPEDIC MEDICAL DICTIONARY 1127 (19th ed.), where "**L1, L2, etc.**" are defined as *"first lumbar nerve, second lumbar nerve,* and so forth." (bolding and italics in original).

5. The WCC trial judge's order indicates that the home event of picking up his daughter occurred in mid-September, rather than August 2002. As we read the transcript of the June 2003 trial before the WCC trial judge, claimant testified there that the home event occurred in August 2002. This slight discrepancy is not relevant to a proper disposition of this matter.

sary and not reckless behavior and thus the Court concludes that the intervening event aggravated an already disabled back but did not break the chain of compensable causality.

The three-judge panel substituted the following language for the trial judge's ¶ 5:

THAT the Court concludes that the claimant was still debilitated and not out of the woods medically when he performed the reasonable act of picking up his handicapped daughter. The Court has determined this event insufficient to establish an intervening injury.

¶ 10 The COCA's majority, in an unpublished 2–1 opinion (one judge dissenting), indicates the matter involved a question of law because the majority found no conflict in the evidence as to the salient facts, nor opposite inferences from what the majority, apparently, determined to be undisputed proof. Consequently, the COCA's majority opinion ruled that the factual record led to only one conclusion, to wit: that the home event involving claimant picking up his daughter constituted an intervening cause. The COCA's majority opinion also took issue with the three-judge panel's substituted ¶ 5, essentially taking the view the reasonableness of claimant's conduct at home in regard to picking up his daughter is not determinative of whether claimant suffered only a recurrence of the work-related injury. Claimant sought certiorari, which we previously granted.

## PART III. DISCUSSION.

 ¶ 11 The question of whether disability should be attributed to an initial accident or a second depends on whether the second injury is merely a recurrence of an initial injury or, instead, the result of an independent and intervening cause. *See Chromalloy–Am., Okla. Div. v. Wright,* 1977 OK 93, 567 P.2d 71, 72–73. A "[s]ubsequent incident or accident aggravating [an] original injury may be of such nature and occur under such circumstances as to make [the] original injury [the] responsible cause." *Patterson Steel Co. v. Stevens,* 1965 OK 184, 408 P.2d 782, 782 (First Syllabus by the Court). "Where there have been two accidents to an employee, the question of whether the disability sustained by him should be attributed

to the first accident or to the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent intervening cause." *New York Indemnity Co. v. Miller,* 1933 OK 303, 163 Okla. 283, 22 P.2d 107, 108 (Seventh Syllabus by the Court). Of course, the question as to the responsibility for medical care, i.e., whether the necessity therefore may be attributed to an initial work-related accident or a second non-work-related accident or event, is controlled by the same test(s) or standard(s) related in the above three cases.

 ¶ 12 Further, "[t]he cause and extent of the disability resulting from an accidental injury is a question of fact, and where the evidence is in conflict and there is any competent evidence reasonably tending to support the finding of the State Industrial Commission [predecessor to the WCC—hereafter referred to as WCC], an order or award based thereon will not be disturbed on review." *Griffith v. Viersen Oil and Gas Co.,* 1956 OK 278, 302 P.2d 969, 969 (Syllabus by the Court). Thus, when there is conflicting competent evidence as to the factual causation issue supportive of a decision in favor of either the employer or the claimant, and no issue is raised upon review other than that the record does not contain competent evidence supporting the decision of the WCC tribunal, an appellate court must sustain the WCC decision when there is, indeed, competent evidence supporting its decision, regardless of whether that decision is in favor of the employer or the claimant.

¶ 13 It was also stated in *Carey Furniture & Appliance Co. v. Carey,* 1961 OK 278, 368 P.2d 493, 495, quoting from *Tippett & Bond v. Moore,* 1934 OK 220, 167 Okla. 636, 31 P.2d 583, 583 (First Syllabus by the Court):

Where a claimant is asserted to have suffered two different accidental personal injuries . . . the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the [WCC]. The finding of that body on such a question will not be

disturbed in this court if supported by any competent evidence.[6]

The instant case, after a searching analysis of the trial record, in our view, is a classic example of one involving a factual dispute over whether the subsequent event at claimant's home caused merely a recurrence of the initial work-related injury to his low back, or, instead, whether the home event constituted an intervening cause, so that the causal nexus to the original work accident could be considered broken.

¶ 14 As we have set forth in **PART II, FACTS AND PROCEDURAL HISTORY**, the medical evidence presented was in direct conflict as to the causation issue, notwithstanding the COCA majority's mistaken view that it was not. Simply stated, the majority misinterpreted the trial record when it indicated there was no conflict in the evidence pertaining to the salient facts determinative of this review proceeding. Thus, unless there is some other legal issue raised by petitioners (employer and its workers' compensation insurer) that would call for vacation of the three-judge panel's order, we must sustain the panel's decision, not second-guess it as to pertinent factual determinations. As an appellate court, we may not substitute our view of the evidence for that of the WCC as to how to resolve a factual conflict like that involved here as to the causation issue. We also conclude petitioners have shown no legal flaw in the three-judge panel's order.[7]

¶ 15 Contrary to the seeming view of the COCA's majority and petitioners, the reasonableness of a claimant's acts or omissions in relation to a home or non-work event that occurs subsequent to a work-related injury-causing accident, may be a relevant or a pertinent factor as to the causation question. In *Sinclair Prairie Oil Co. v. State Indus. Comm'n,* 1936 OK 35, 176 Okla. 84, 54 P.2d 348, a worker while in the employ of a certain company in 1929 sustained an accidental personal injury through oil and gas exposure poisoning to his hands which manifested itself in acute Eczema on both hands. *Id.* at 348. The injury caused was termed an allergic or susceptible condition whereby his hands were thereafter permanently sensitive to oil and grease. *Id.* at 348–349. The worker was awarded temporary total disability for a time and by virtue of a stipulated agreement of the parties, approved by the WCC, was paid a lump sum for permanent partial disability. *Id.* Several years later, in 1935, while working on a farm in Kansas performing the task of repairing an automobile, the worker placed his hands in oil and grease and as a result thereof had another

---

6. The situation in *Tippett & Bond v. Moore,* 1934 OK 220, 31 P.2d 583 involved dispute as to whether an injury should be attributed to an accident occurring while claimant worked for one employer or an accident while employed by another employer. The situation in *Carey Furniture & Appliance Co. v. Carey,* 1961 OK 278, 368 P.2d 493 involved a work-related accident and a subsequent event occurring at claimant's home.

7. Petitioners, in their April 8, 2004 appellate brief, attack the WCC trial judge's determination contained in ¶ 5 of his order. They state in "PROPOSITION II" of the brief: "**THE TRIAL COURT'S DETERMINATION THAT AN INTERVENING INJURY WOULD NOT BE FOUND BECAUSE THE CLAIMANT'S 'ACTIVITY WAS NECESSARY AND NOT RECKLESS BEHAVIOR ...' WAS THE BASIS UPON WHICH HE MADE HIS RULING AND IS CONTRARY TO LAW.**" (bolding in original). Of course, the WCC three-judge panel's finding, at least, part of ¶ 5 contrary to law and against the clear weight of the evidence, substituted in lieu of the trial judge's ¶ 5 the three-judge panel's own language, as quoted in the text of this opinion at **PART II, FACTS AND PROCEDURAL HISTORY**. Thus, *Parks v. Norman Mun. Hosp.,* 1984 OK 53, 684 P.2d 548, makes plain that, as to ¶ 5, it is the three-judge panel's substituted ¶ 5, not the WCC trial judge's ¶ 5, that is before us for review.

We also note that an apparent alternative argument made by petitioners in their April 2004 appellate brief, to the effect, that "the claimant sustained ... an aggravation of a pre-existing condition," that was not work-related and, thus, his need for further medical care could not be attributed for causation purposes to the February 2002 work-related accident, is unavailing. There was no requirement, based on the evidence presented before the WCC trial judge, that mandated the result argued for by petitioners.

We finally note that none of the cases cited by petitioners in either their April 2004 appellate brief or July 29, 2004 answer to claimant's July 15, 2004 petition for certiorari are such that any of the cases would require vacation of the WCC three-judge panel's order under review here, particularly in light of the evidence that was presented at trial before the WCC trial judge:

acute Eczema attack on both hands and again became disabled for the performance of any work. *Id.* The worker instituted proceedings before the WCC and, in effect, attempted to hold the employer he worked for in 1929 responsible for the 1935 incident. This Court vacated the WCC award in the worker's favor and in so doing stated the following:

And this [C]ourt has held that where an employee has been awarded compensation under the provisions of the Workmen's Compensation Act and has suffered an aggravation or recurrence of injury through inadvertence or accident under such circumstances as to make the original injury the responsible cause, that further compensation may be awarded properly.

However, this is not the situation that was presented to the [WCC] and which is now presented to us.... The record further discloses that the [worker] was aware of this condition at the time he exposed himself to oil and grease on March 25, 1935, and that such exposure was not accidental or inadvertent, but was the result of a deliberate act on [his] part ... and with full knowledge of the probable consequences. To say that under these circumstances the [WCC] is authorized under the law to charge the result back to the original injury and to award the [worker] further compensation therefor is in effect to say that a man may profit by his own wrong. That this is not permissible is so fundamental as to require no citation of authorities in support hereof. Since the [worker] had sustained a permanent partial disability as the result of his sensitivity to oil and grease exposure, it was incumbent upon him to refrain from any conscious or deliberate act which would probably result in recurrence of his former disability; and since the evidence clearly discloses that the [worker] did not take any precautions for his own safety, but with full knowledge of his condition and in disregard of his own safety deliberately invited the very thing that happened, we are of the opinion that the present injury was the direct and proximate result of the [worker's] own act, and that therefore there was no competent evidence be-

fore the [WCC] upon which to base its finding in making the instant award.

*Id.* at 350. (citations omitted).

¶ 16 In *Patterson Steel Co. v. Stevens,* 1965 OK 184, 408 P.2d 782, 784–785, citing and quoting from *Deep Rock Oil Corp. v. Betchan,* 1934 OK 406, 169 Okla. 42, 35 P.2d 905, 907–908, is contained the following:

The instant case is analogous to the circumstances disclosed in *Deep Rock Oil Corp. v. Betchan* ... wherein we considered the question of whether the cause of an employee's second injury was from slipping while engaged in the course of his employment, or from cranking his Model A Ford automobile. Therein we said:

" * * * Not every incident (referring to the cranking of his automobile) following an injury which physically aggravates it can be treated as a responsible intervening agency. * * *

* * * * * *

"It seems that a law designed to compensate workmen for loss of earning capacity from industrial accidents must have been intended to extend its shield at least to aggravations affecting the course of the injury during convalescence when such are produced by not unnatural events and involve no omission or breach of duty. We therefore think the [WCC] (is) sustained by the record in disregarding the automobile incident (cranking) as a responsible cause."

In the instant matter, competent evidence was presented at the trial before the WCC trial judge to show that claimant was adhering to his doctor-ordered forty (40) pound weight restriction when he reasonably picked up his twenty (20) pound daughter to suction her trachea. There was also plainly competent evidence presented at the trial supportive of a finding that the incident involving his daughter caused only a recurrence of the original work-related injury at the L4–5 level and that the recurrence was the result of mere inadvertence and accident on his part.

¶ 17 Thus, although the reasonableness of a home or non-work event is not always determinative of the causation issue,

depending on the facts existent it may be a pertinent factor impacting the issue in certain circumstances. If the event is found by the WCC to be merely inadvertent and accidental and the injury suffered to be only a recurrence of an original work-related injury, the chain of causation or causal nexus will properly still be linked to that original work-related injury. However, if a recurrence of the former work-related injury is brought about by the deliberate, conscious act of the injured person, as in the *Sinclair Prairie Oil Co.* situation, it would be improper to attribute the recurrence back to the original work-related event.

## PART IV. CONCLUSION.

¶ 18 The COCA's majority erred in vacating the WCC three-judge panel's order because competent evidence was presented at the trial before the WCC trial judge supportive of the factual determination(s) made by the three-judge panel that, in effect, the home event of claimant lifting his child did not constitute an intervening cause and the event only gave rise to a recurrence of the earlier work-related injury to claimant's back.

¶ 19 The COCA's opinion is **VACATED** and the WCC three-judge panel's order is **SUSTAINED.**

¶ 20 ALL JUSTICES CONCUR.

