CITY OF BROKEN ARROW v. SNYDER



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CITY OF BROKEN ARROW v. SNYDER

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CITY OF BROKEN ARROW v. SNYDER
2019 OK CIV APP 14
436 P.3d 748
Case Number: 116715
Decided: 08/08/2018
Mandate Issued: 03/13/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 14, 436 P.3d 748

 

CITY OF BROKEN ARROW, OWN RISK #14157 Petitioner,
v.
GARY R. SNYDER JR., and THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS, Respondents.

PROCEEDING TO REVIEW AN ORDER OF THE WORKERS' COMPENSATION COURT OF EXISTING CLAIMS

HONORABLE MICHAEL W. MCGIVERN, TRIAL JUDGE

SUSTAINED

Leah P. Keele, Brandy L. Inman, LATHAM, WAGNER, STEELE & LEHMAN, Tulsa, Oklahoma, for Petitioner

Jeffrey M. Cooper, Oklahoma City, Oklahoma and Gary Homsey, Oklahoma City, Oklahoma, for Respondent

KEITH RAPP, JUDGE:

¶1 The City of Broken Arrow, Oklahoma (City), appeals an Order of the Workers' Compensation Court of Existing Claims awarding compensation and medical treatment to its employee, Gary R. Snyder Jr. (Snyder).

BACKGROUND

¶2 Snyder is employed by City as a fireman. He contracted thyroid cancer and claims that the cancer was caused by his exposures to sundry cancer causing substances while fighting fires and by diesel from fire vehicles.[1] His date of awareness is March 8, 2010.

¶3 The trial court found that Snyder sustained a work-related injury and awarded benefits. The question in this appeal is whether that ruling is supported by competent evidence.

¶4 Snyder testified about his work as a fireman and exposures to sundry substances. He did not relate any specific instances of exposure, but spoke of how he was exposed as a matter of course in the types of fires he engaged. He acknowledged that he was provided and wore protective clothing and apparatuses when engaging fires. He had a prior employment, but passed the physical to become a fireman. He also had a second job where he was exposed to hazardous materials.

¶5 The parties submitted medical reports. The trial court appointed an independent medical examiner (IME).

¶6 Snyder's physician's report recited the work history and the fact of thyroid cancer. The physician concluded that the major cause of the thyroid cancer was the exposures to sundry listed hazardous substances at work. Snyder also presented study documents relating to firemen and exposures to substances and cancer and outlining the types of substances to which they are exposed. These documents do not mention thyroid cancer and these exposures.

¶7 City's physician's report also recited the employment history. This physician noted the statutory presumption and continued:

However, the literature as it relates to thyroid cancers would overcome this presumption. There is an extensive report . . . . Under thyroid cancers are reviewed all the studies related to thyroid cancer and firefighting. According to this study, "There is clearly therefore no consistent evidence to suggest any occupational relationship between firefighting and thyroid cancer."

¶8 Drawing on the referenced studies, the physician concluded that the employment as a fireman was not the major cause of the thyroid cancer. He further stated that the major cause is unknown "which is the usual scenario."

¶9 The IME's report recited Snyder's medical and employment histories. The IME stated that there is no causal relationship between the development of the thyroid cancer and employment. The IME further stated that he had researched the literature "and found nothing that substantiates a causal link between firefighting and thyroid cancer." He continued:

Most occupationally-related thyroid cancers are linked to high levels or prolonged periods of exposure to ionizing radiation, which is not applicable to this case. There is an ongoing study of firefighters and cancer, supervised by National Institute of Occupational Safety and Health (NIOSH) which is ongoing for several more years which may provide more information on this issue in the future.

¶10 The three-judge panel had reversed the trial court's original use of a statutory presumption. On remand from the three-judge panel, the trial court entered an Order determining that Snyder sustained a work-related injury, thyroid cancer, and ordering medical treatment.

¶11 The trial court referred to the study mentioned by City's physician. The trial court cited the study's finding that firefighters had a slightly elevated risk of contracting thyroid cancer. Accordingly, the trial court ruled that the firefighter occupation put its personnel at a greater risk of thyroid cancer than the public in general. The trial court then determined that a causal relationship existed.[2]

¶12 Next, the trial court referred to the IME's statement about "most thyroid cancers" being linked to ionizing radiation. The trial court reasoned that "most" does not exclude exceptions, so exposures from work might be a cause for a firefighter's thyroid cancer. The trial court departed from the IME for that reason.

¶13 City now appeals the order.

STANDARD OF REVIEW

¶14 Given the date of injury, this matter comes within the "any competent evidence" standard of review. 85 O.S. Supp. 1997, § 3.6(C); Parks v. Norman Mun. Hosp., 1984 OK 53, 684 P.2d 548. The appellate court's responsibility is simply to canvass the facts, not to weigh conflicting proof in order to determine where the preponderance lies, but only for the purpose of ascertaining whether the decision is supported by competent evidence. Id.

ANALYSIS AND REVIEW

¶15 Here, all of the medical evidence was received without any objection as to competency, but overruled an objection to probative value.[3] The issue in this appeal is whether the evidence is legally sufficient to support the result of the appealed Order.

¶16 Snyder testified to exposures of hazardous materials, although without identification of specific times or incidents. His physician unequivocally related these exposures to the thyroid cancer. City presented a list of reasons why this physician's testimony should not be considered. All of the City's reasons relate to the weight and credibility of the report. Pursuant to the standard of review, this Court does not weigh the evidence.

¶17 Although the primary focus of the City's physician's report is to refute the statutory presumption, both he and the IME conclude that Snyder's exposures are not the major cause of the thyroid cancer. Neither physician disputed the existence of the cancer or the facts of exposures to hazardous substances.

¶18 The City's physician referenced studies. He quoted a study finding that there is "no consistent evidence to suggest an occupational relationship between firefighting and thyroid cancer." He concluded that the employment was not the major cause of the thyroid cancer and that the major cause was unknown.

¶19 The trial court concluded that the study did not exclude Snyder's exposures as the cause. This Court notes a logical inconsistency. If, as the physician reports, the major cause is "unknown" then it follows that: (1) he could not exclude any specific causation where the evidence is inconsistent as to causation; and, (2) he would have to state that he does not know what caused the thyroid cancer.

¶20 The IME based his opinion on his research of medical and scientific literature, which did not disclose any relationship between thyroid cancer and the occupational exposures to hazardous materials as in this case. This research led him to the conclusion that "most" occupationally related thyroid cancers resulted from exposure to ionizing radiation. It is undisputed that Snyder was not exposed to ionizing radiation.

¶21 The trial court stated that "most" does not exclude all causal relationships based upon exposures to hazardous materials. In other words, the weight that the trial court chose to afford to the IME's report was influenced by the IME's qualified opinion.

¶22 All three reports are competent evidence in the sense that they are admissible and no objection was made by either party. Therefore, the reports are in evidence and, as a result, there is a conflict of evidence in the medical reports. The trial court decides what weight shall be given to these three reports.

¶23 Where the evidence is in conflict and there is any competent evidence reasonably tending to support the finding of the Workers' Compensation Court, an order or award based on the competent evidence will not be reversed. Mrs. Baird's Bakery v. Cox, 2005 OK 28, ¶ 2, 112 P.3d 1168, 1170. "Factual findings made in the WCC decision under review are conclusive and binding, unless they lack support in competent evidence. Only if a relevant factual finding lacks support by competent evidence may a WCC decision based thereon be deemed erroneous as a matter of law and, thus, subject to vacation by an appellate court." Id.

¶24 Clearly, the trial court relied on Snyder's evidence. The trial court had a rational basis to afford less or no weight to the other two medical reports. Therefore, the Order of the trial court is supported by competent evidence and is sustained.

SUMMARY AND CONCLUSION

¶25 Snyder's claim for workers' compensation benefits for thyroid cancer is based upon his exposure to hazardous materials while employed as a fireman for City. The facts of exposure and existence of thyroid cancer are not disputed. Snyder supported his claim with a medical report.

¶26 The City and the IME concluded that exposures were not the cause of the thyroid cancer. The trial court examined the premises for these reports and clearly decided not to afford them weight.

¶27 The date of injury causes this case to be reviewed under the "any competent evidence" standard. The weight to be given evidence is a function of the trial court, not the appellate court under this standard.

¶28 After review of the record, this Court finds that the Order of the trial court is supported by competent evidence. Therefore, the Order is sustained.

¶29 SUSTAINED.

BARNES, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] The Workers' Compensation Court Three-Judge Panel ruled that the statutory presumption of 11 O.S.2011, § 49-110(A) was rebutted. That ruling is final for this case.

[2] Due to the ruling of the three-judge panel, the trial court's conclusion is unaided by the statutory presumption.

[3] "[I]n the area of workers' compensation an objection to the 'competency' of a medical report is directed to the exhibit's admissibility on hearsay or other legal grounds. Alternatively, an objection to an exhibit's 'probative value' is used to challenge the evidence for insufficiency as legal proof of (a) medical findings with respect to the presence or absence of compensable disability, or of (b) the compensable impairment's rating. In other words, when evidence is objected to as lacking in probative value, the issue is whether it is probative of the elements it seeks to establish once admitted." Lacy v. Schlumberger Well Service, 1992 OK 54, ¶ 6, 839 P.2d 157, 159-60. "[T]he term 'competent' as used in the Parks test refers to the legal sufficiency, on any ground of evidence which supports an order of the Workers' Compensation Court." Lacy, 1992 OK 54 ¶ 7, 839 P.2d at 160.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 54, 839 P.2d 157, 63 OBJ 1278, Lacy v. Schlumberger Well Service
Discussed at Length
 2005 OK 28, 112 P.3d 1168, MRS. BAIRD'S BAKERY v. COX
Discussed
 1984 OK 53, 684 P.2d 548, Parks v. Norman Mun. Hosp.
Discussed
Title 11. Cities and Towns
 Cite
Name
Level

 11 O.S. 49-110, Certificates and Other Evidence of Disability - Disability Resulting From Heart Disease or Injury to Respiratory System - Presumptions
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 3.6, Repealed
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA